ROSENTHAL'S BOOTERY, INC. v. DAVID SHAVITZ

No. 8021SC137

(Filed 5 August 1980)

**Usury § 1– time loan was made – applicability of amended statute**

In an action to recover damages for an alleged usurious loan made by defendant, the trial court erred in failing to make a finding as to when the loan was made, since plaintiff contended that the loan was made on 1 July 1969, and the statute governing interest rates on commercial loans, G.S. 24-8, was amended effective 2 July 1969.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 15 November 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 10 June 1980.

This is a civil action wherein plaintiff seeks to recover damages for an alleged usurious loan made by defendant. In a complaint filed 5 September 1978 plaintiff asserted that plaintiff as borrower and defendant as lender had entered into a $70,000 loan "[o]n or about" 1 July 1969; that a note evidencing the loan and bearing interest at the rate of nine percent per year was duly executed; and that the rate was usurious, thus entitling plaintiff to recover $47,250 from defendant.

Defendant filed an answer admitting the execution of the loan, but generally denying that the interest rate exceeded that allowed by law.

At a trial before the judge without a jury, plaintiff offered evidence tending to show that plaintiff and defendant agreed on the terms and conditions of the note in late May or early

June 1969; that plaintiff received a check from defendant prior to 1 July 1969 and dated 1 July 1969; that the check was in the amount of $60,880 which represented the $70,000 loan less a $3,150 six-month interest payment, less a $6,000 balance on a previous note, and plus a $30 interest rebate on the old loan. Upon receiving the check, which plaintiff claimed to have deposited on 1 July, but which was not posted to plaintiff's account until 2 July, plaintiff prepared a note to evidence the parties' agreement. The note was dated 1 July 1969 and mailed from plaintiff's office in Winston-Salem to defendant in Fayetteville. It provided for interest at the rate of nine percent yearly to be paid semi-annually in advance. In addition to the interest payments, principal payments in the amount of $5,000 every six months were to be made from 1 January 1972. The note had been paid in full at the time of trial.

Defendant's evidence tended to show that he is 76 years old and was retired at the time he agreed to loan $70,000 to the plaintiff. The president of plaintiff, Stanley Rosenthal, at the time was defendant's son-in-law. Defendant gave Rosenthal a check for $60,880 in late June, and Rosenthal gave him an "IOU." Some time later, after 4 July 1969, defendant received the executed note from plaintiff, showing an interest rate of nine percent. Defendant testified, "I was pleased with that rate but I never asked him for it."

At the close of all the evidence, Judge Hairston made the following pertinent findings of fact:

[T]he Court finds that the defendant loaned to the plaintiff $70,000 in late June or early July, 1969; that the check representing part of the payment to the plaintiff by the defendant was dated July 1, 1969, ... ; that said check was deposited by the plaintiff on July 2, 1969, and debited to the account of the defendant on July 7, 1969; that after depositing said check in its account on July 2, 1969, the plaintiff corporation executed a note by mail to the defendant ... ; that said note is dated July 1, 1969, ... ; that Stanley Rosenthal, ... testified that he did not know when he mailed the note to the defendant, but that it was mailed after the deposit of the check; that said note was mailed by the plain-

tiff to the defendant not earlier than July 2, 1969, and received by the defendant after said date, but not before July 3, 1969;

.  .  .

The judge thereafter entered the following pertinent conclusions of law:

.  .  .

(2) That the note herein was not usurious under the laws of this State in effect as of July 2, 1969; . . .

.  .  .

(4) That the Court did not pass on the applicability of the use of the usury statutes in North Carolina prior to July 2, 1969, as the loan in question herein was not closed until the note was received by the defendant in Fayetteville, . . . sometime between July 3, 1969 and July 7, 1969, therefore said statutes were not applicable in the instant case.

From a judgment that plaintiff have and recover nothing of defendant, plaintiff appealed.

*Wilson & Redden, by John W. Sherrill, for the plaintiff appellant.*

*Morrow, Fraser & Reavis, by John F. Morrow, for the defendant appellee.*

HEDRICK, Judge.

The ultimate issue presented by this case is whether the loan in question was usurious. Resolution of this issue depends on whether the loan was made on or before 2 July 1969 since the statute governing interest rates on commercial loans, G.S. § 24-8, was amended effective 2 July 1969. Prior to the effective date of the amendment, the legal interest rate on loans of $30,000 or more to corporations stood at eight percent. The

uncontroverted evidence of record before us is that this loan bore interest at the rate of nine percent. Thus, the case can be resolved only by determining when the loan was made.

An examination of the judgment entered by the trial judge reveals that the judge made no finding as to this critical issue, *i.e.*, when was this loan made. At a trial before the judge without a jury, it is the duty of the judge to *"find the facts specially and state separately his conclusions of law and thereby resolve all controversies between the parties raised by the pleadings and the evidence." Heating and Air Conditioning Associates, Inc. v. Myerly*, 29 N.C. App. 85, 88, 223 S.E. 2d 545, 547, *cert. denied and appeal dismissed*, 290 N.C. 94, 225 S.E. 2d 323 (1976) (emphasis added); G.S. § 1A-1, Rule 52. The necessity for this requirement is plain: Without such findings and conclusions, the appellate courts cannot determine whether the judge correctly found the facts or applied the law thereto. *Jones v. Murdock*, 20 N.C. App. 746, 203 S.E. 2d 102 (1974).

It appears that Judge Hairston based his conclusion that the loan in this case was not usurious on the finding that the loan was not "closed" until the note was received by defendant . "sometime between July 3, 1969 and July 7, 1969, ..." Defendant cites us to *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971), where the Court indeed concluded in a similar situation that a loan was "closed" and "made" on a date subsequent to the statute's amendment. However, in *Kessing* the parties had done no more than *agree* to make a loan and approve the application for the loan prior to 2 July 1969. No documents had been executed or exchanged; no checks had been written, delivered or disbursed prior to 8 July 1969. Thus, the Court was able to conclude that the loan was "made" on 9 July 1969, the day the loan agreement was executed. In brief, in *Kessing* the "closing" date was contemporaneous with the "making" date of the loan.

It is not necessary, however, that the actual closing date of this loan be determined, even if such a determination could be made from this record, for it is the making date which controls the ultimate determination whether the loan was usurious. *Kessing v. National Mortgage Corp., supra.* As the *Kessing*

Court recognized, the making date can certainly precede the actual closing date. It follows that Judge Hairston's finding that the loan was "closed" after 2 July 1969 is not sufficient to settle the issue whether this loan was usurious. Moreover, the situation presented in the case at bar is readily distinguishable in several particulars from that described in *Kessing* and, upon remand, in determining the crucial issue of when the loan was made, the court should take into account the following uncontradicted facts:

1. The parties negotiated for the loan before 2 July 1969.

2. The check for the loan in the amount of $60,880 was dated 1 July 1969. (In *Kessing* the check was dated 8 July 1969.)

3. The note evidencing the loan was dated 1 July 1969. (In *Kessing* the note was dated 9 July 1969.)

4. G.S. § 25-3-114(3) provides: "Where the instrument ... is dated, the date is presumed to be correct."

5. The defendant charged and the plaintiff paid interest on the loan in advance at the rate of nine percent *from* 1 July 1969, not from a later date.

6. The first semi-annual installment which was due and payable six months after the making of the note was due 1 January 1970.

7. Thereafter, each successive semi-annual payment was due on either 1 July or 1 January.

8. The loan papers were transmitted to the defendant on or after 2 July 1969.

Each of these factors must be weighed to determine the essential factual issue of when this loan was made.

For the reasons stated, the judgment is vacated and the cause is remanded to the Superior Court for the judge to find the facts specially from the record evidence as to all the mate-

rial issues raised by the evidence, state separately the conclusions of law, and enter the appropriate judgment.

Vacated and remanded.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.