SMALL v. SMALL

[107 N.C. App. 474 (1992)]

ALBERT B. SMALL, PLAINTIFF v. SHELBY H. SMALL, DEFENDANT AND THIRD-PARTY PLAINTIFF v. ALJO ENTERPRISES, INC., THIRD-PARTY DEFENDANT

No. 9126DC739

(Filed 15 September 1992)

**Trial § 58 (NCI3d)— attempted division of marital property—no final judgment—proceeding remanded**

In a proceeding which attempted a division of the parties' properties, the findings of fact and conclusions of law set forth in the judgment of the district court did not finally resolve the issues raised; therefore, the judgment is vacated and the cause remanded to the district court, and the parties are admonished to closely examine and clarify the claims being put before the court for redress and to carefully consider the remedies available.

**Am Jur 2d, Divorce and Separation §§ 864 et seq.**

APPEAL by all parties from *Cantrell (Daphene L.), Judge.* Judgment entered 19 March 1991 in District Court, MECKLENBURG County. Heard in the Court of Appeals 24 August 1992.

Plaintiff Albert Small filed a complaint on 6 March 1987 for absolute divorce based upon the continuous separation of the parties for one year. Defendant Shelby Small filed an answer wherein she joined in plaintiff's request for an absolute divorce and counterclaimed against plaintiff for equitable distribution and alimony. As an alternative to her claim for equitable distribution, defendant requested that the court divide certain real and personal property acquired by the parties during the marriage pursuant to the terms of various contracts between plaintiff and defendant, and between defendant and the third-party defendant Aljo Enterprises, Inc. (hereinafter "Aljo"), a corporation wholly owned by plaintiff. Along with her answer, defendant filed a third-party complaint to bring Aljo into the lawsuit.

Plaintiff responded to defendant's counterclaims by denying defendant's right to equitable distribution and alimony due to the various agreements between the parties wherein defendant had waived all such marital rights. Plaintiff agreed however that defendant was entitled to certain property pursuant to the contracts

set forth by defendant, and plaintiff requested that the court determine the interests of each party in the various properties. Third-party defendant Aljo answered by also admitting that defendant was entitled to some interest in certain real properties titled in the name of the corporation and requested that the court determine the "appropriate division" of these properties pursuant to the contracts between the parties.

An absolute divorce was granted by the trial court on 13 April 1987. Defendant's counterclaims for equitable distribution and alimony were denied by summary judgment which was upheld on appeal by this Court. Small v. Small, 93 N.C. App. 614, 379 S.E.2d 273, disc. review denied, 325 N.C. 273, 384 S.E.2d 519 (1989). On 27 November 1990, all counterclaims of the defendant came on for trial before Judge Daphene L. Cantrell who heard the matter without a jury.

The evidence presented at trial tends to show that on 11 August 1978 defendant and Aljo entered into a joint venture agreement wherein Aljo agreed to purchase in its name certain real property in Mecklenburg County, identified as Lot 57 in section 42 Lake Wylie Recreation Lots. This particular piece of property came to be known as "Seclusion #1." Defendant paid $6,000 of her personal funds towards the purchase of the property and Aljo invested the remainder of the purchase price. The contract specified that defendant and Aljo would continue to invest funds into the maintenance and management of the property and that both would be entitled to share in any rental or sale proceeds from Seclusion #1 in proportion to their respective capital contributions. On 4 September 1985, defendant and Aljo executed a "Ratification of Contract" which purported to "ratify and confirm" the terms of the original joint venture agreement between these parties. Both defendant and Aljo agree that, at the time of trial, the joint venture also owned various other assets along with the deed to Seclusion #1 and that those other assets would also be subject to the division provisions of the joint venture agreement.

On 30 October 1980, plaintiff and defendant entered into a "Post-Nuptial Contract" wherein both parties relinquished all marital rights in the property of the other and agreed that, in the event of divorce, all real and personal property jointly acquired by the parties during the course of the marriage would be divided between them "in accordance with the relative percentages of ownership

of each party therein as established by the books and records of the parties." Plaintiff and defendant thereafter entered into two "Separation Agreements," one being executed on 4 September 1985 and the other on 12 September 1985. The terms of each agreement are identical and specify that, despite the separation of plaintiff and defendant, the terms of the Post-Nuptial agreement remained in "full force and effect."

These separation agreements also identified the property which plaintiff and defendant considered to be jointly acquired property which would be divided upon divorce in accordance with the terms of the Post-Nuptial Contract. Those properties identified included a lease of a lot on Lake Wylie known as 19226 Hennepin Avenue, a lease of a lot on Lake Wylie known as 17513 Due West Drive, lot 56 on Lake Wylie known as "Seclusion #2," and "certain furniture, furnishings, appliances, equipment and other personal property."

During the trial, both plaintiff and defendant presented the testimony of accountants who offered to the court conflicting opinions concerning the percentage of ownership attributable to plaintiff, defendant and Aljo in Seclusion #1, Seclusion #2, and the two leased properties based upon the respective capital contributions of each "reflected in the books and records" of the parties. The court further heard evidence concerning a Promissory Note in the amount of $11,000 executed by plaintiff in favor of defendant on 3 October 1980 which, by its terms, became due and payable in full upon divorce of the parties.

Upon conclusion of the evidence the trial court made extensive findings of fact concerning the accounts of each party and reached similarly extensive conclusions of law. The court then entered a judgment which declared that, as of a date 60 days following the date of the divorce between the parties, Aljo owned 72.63% of Seclusion #1 and defendant owned 27.37% of that property, that plaintiff owned 58.06% of Seclusion #2 and defendant owned 41.94% of that property, and that plaintiff owned 63.14% and 83.13% respectively of the two leased lots, leaving defendant with 36.85% and 16.87%. The court ordered that rental proceeds earned by the various properties since the date 60 days following the divorce of the parties be divided in accordance with those percentages. The judgment further ordered that the promissory note executed by plaintiff in favor of defendant be reduced to $5,000 to reflect

an amount given by plaintiff to defendant following the separation of the parties relating to the purchase of an automobile by defendant.

The judgment of the trial court does not establish a value for any of the properties subject to the agreements between the parties nor does it make a division of any asset. All parties appealed the order, assigning as error various aspects of the court's accounting of the respective capital contributions as well as the dates upon which the court chose to determine the percentages of ownership.

*William G. Robinson, for plaintiff and third-party defendant, appellees, cross-appellant.*

*Joe T. Millsaps, and Cecil M. Curtis, for defendant and third-party plaintiff, appellant, cross-appellee.*

HEDRICK, Chief Judge.

In *Paradise Lost* John Milton described Hell as "confusion worst confounded." This proceeding, we dare not call it a case or a cause, has confused and confounded the parties, the lawyers and the trial judge. Now it confounds us. Despite the obviously well intentioned efforts of the trial lawyers and the trial court, the focus of this legal proceeding has become lost within the complex details of the financial affairs of the parties. The judgment itself as well as the errors assigned thereto by the parties on appeal reflects the loss of direction by all involved.

In a trial without a jury, it is the duty of the trial judge to resolve all issues raised by the pleadings and the evidence by making findings of fact and drawing therefrom conclusions of law upon which to base a final order or judgment. G.S. § 1A-1, Rule 52. *See Rosenthal's Bootery, Inc. v. Shavitz*, 48 N.C. App. 170, 268 S.E.2d 250 (1980); *Associates, Inc. v. Myerly & Equipment Co. v. Myerly*, 29 N.C. App. 85, 223 S.E.2d 545, *disc. review denied and appeal dismissed*, 290 N.C. 94, 225 S.E.2d 323 (1976). When all issues are not so resolved by the trial court, this Court has no option other than to vacate the order and remand the cause to the trial court for completion. *See Rosenthal's Bootery v. Shavitz*, 48 N.C. App. at 173, 268 S.E.2d at 251; *Davis v. Enterprises and Davis v. Mobile Homes*, 23 N.C. App. 581, 209 S.E.2d 824 (1976).

The difficulty in this proceeding is determining what issues, if any, are raised by defendant's counterclaims, the responses of

plaintiff and the third-party defendant, and the evidence presented at trial. Defendant alleges an interest in various items of personal property set forth in the pleading and also in various improved and unimproved parcels of real estate titled in the name of the corporation or in the name of plaintiff. Defendant thereafter prayed the court for "a division of all assets belonging to the parties under a theory of contract." Plaintiff prayed the court "[t]hat the interest of the Plaintiff and Defendant be first determined according to the separation agreement and the post[-] nuptial agreement," and Aljo requested "only that the appropriate division be determined in accordance with the contract made and entered into between the Third[-] party Plaintiff and the Third[-] party Defendant."

The evidence presented at trial, however, attempted only to demonstrate each party's contention as to defendant's percentage of ownership of the parcels of real property based upon her capital contributions throughout the years of the marriage between plaintiff and defendant. The judgment reflects only the evidence presented. The trial court struggled to comprehend the accountings of the expert testimony and the result of that struggle was simply the court's declaration of the various percentages of personal funds expended by defendant in relation to those expended by plaintiff during the course of the marriage. There was no effort by the trial court to finally determine any issue between these parties. There was no determination of value or of possessory rights, and there was no division of assets either in kind or by required purchase. There simply is no final order or judgment presented for our review.

We cannot and we will not undertake to try this case for the parties. We cannot and we will not attempt to resolve on appeal that which is properly resolved in the trial court both prior to an actual trial of the cause and during such trial. Upon remand, we admonish the parties to closely examine and clarify the claims being put before the court for redress and to carefully consider the remedies available.

As we find that the findings of fact and conclusions of law set forth in the judgment of the District Court do not finally resolve the issues raised in this cause, the judgment is vacated and the cause remanded to the District Court for further proceedings in accordance with the laws of this State.

Vacated and remanded.

Judges LEWIS and WYNN concur.