DENTON v. PEACOCK

[97 N.C. App. 97 (1990)]

GLENDA DENTON v. KAREN PEACOCK

No. 8911SC492

(Filed 16 January 1990)

1. **Automobiles and Other Vehicles § 62 (NCI3d) — striking pedestrian — claim of failed brakes — failure to keep proper lookout — failure to keep vehicle under proper control**

   In an action to recover for injuries sustained by plaintiff when she was struck by defendant's vehicle the trial court did not err in denying defendant's motions for directed verdict, judgment n.o.v., and a new trial where defendant claimed that her brakes failed, but the evidence at trial was sufficient to permit the jury to find that defendant drove her vehicle from the highway into and through the parking lot of a restaurant without having the automobile under proper control, without keeping a proper lookout, and without taking any evasive action to avoid striking plaintiff restaurant patron who was walking on a sidewalk between the restaurant and the parking lot; and the jury could find that defendant was negligent in the operation of the vehicle and that such negligence was the proximate cause of the injuries to plaintiff.

   **Am Jur 2d, Automobiles and Highway Traffic § 780.**

2. **Bills of Discovery § 6 (NCI3d) — claim of failed brakes — opinion testimony about brakes — failure to inform defendant about expert — testimony admissible**

   In an action to recover for injuries sustained by plaintiff pedestrian when she was struck by defendant's vehicle the trial court did not err in allowing plaintiff's expert witness to give his opinion regarding the brakes on a particular automobile, though plaintiff had not listed the expert as a witness in response to defendant's interrogatories requesting disclosure of experts, since the issue of whether defendant's brakes failed was raised in defendant's answer; plaintiff sought to use the expert witness to refute allegations in the answer and statements made by defendant; defendant vigorously cross-examined the witness at trial; and defendant was not prejudiced by the court's allowing the witness's testimony.

   **Am Jur 2d, Depositions and Discovery §§ 68, 70.**

DENTON v. PEACOCK

[97 N.C. App. 97 (1990)]

APPEAL by defendant from *Bowen, Judge*. Judgment entered 16 December 1988 in Superior Court, HARNETT County. Heard in the Court of Appeals 4 December 1989.

This is a civil action wherein plaintiff seeks to recover damages for personal injury arising out of an automobile accident allegedly resulting from the negligence of defendant, Karen Peacock. The following issues were submitted to and answered by the jury as indicated:

1. Was Glenda Denton injured by the negligence of defendant Karen Peacock?

ANSWER: Yes

2. What amount, if any, is Glenda Denton entitled to recover from Karen Peacock?

ANSWER: $130,000.00

From a judgment entered on the verdict, defendant appealed.

*Bain & Marshall, by Elaine F. Marshall, for plaintiff, appellee.*

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant assigns error to the denial of her motions for directed verdict, judgment notwithstanding the verdict, and a motion for a new trial. In her brief she states, "[t]he issue brought forward from the Court's denials of these motions is whether sufficient evidence existed to raise a jury question as to any actionable negligence on the part of defendant, Karen Peacock."

The evidence at trial, when taken in the light most favorable to plaintiff, tends to show the following: On the morning of 7 December 1984, plaintiff went to Gym's Steak and Pancake House in Dunn, North Carolina. She was accompanied by Mrs. Loretta Warren. Plaintiff and Mrs. Warren left the restaurant at approximately 8:30 a.m. The weather was cold and clear, and the sun was shining brightly. They exited the restaurant through the front door and proceeded down the sidewalk adjacent to the building. The sidewalk was approximately eighteen inches wide and was bordered on the left by the exterior wall of the restaurant and on the right by a parking area. Because the sidewalk was narrow

and plaintiff was a large woman, approximately 290 pounds, Mrs. Warren walked a couple of steps ahead of plaintiff as they neared the corner of the building. As plaintiff and Mrs. Warren proceeded along the sidewalk, a 1974 Buick automobile owned by William Balance Liverman and operated by defendant, Karen Peacock, struck plaintiff's right leg and pinned her between the car's bumper and the building causing personal injury to plaintiff. Neither plaintiff nor Mrs. Warren saw or heard defendant's car before impact. Following the accident, both plaintiff and Mrs. Warren heard defendant say that her brakes had failed. Officer Benjamin Denning of the Dunn Police Department arrived at the scene of the accident at approximately 9:35 a.m. When he arrived, he observed that defendant's car had been backed up from plaintiff, the sidewalk, and the building into the parking lot approximately seven or eight feet. He questioned defendant about the accident, and she advised him that when she pulled into the restaurant parking lot her brakes had failed causing her to strike plaintiff. The distance between the street and the building was approximately 100 feet. There were vacant parking spaces on either side of defendant's car, and there was a large, unobstructed, dirt parking area at the west side of the restaurant to the right of where defendant's car struck plaintiff.

The evidence offered at trial is sufficient to permit the jury to find that defendant drove the motor vehicle from the highway into and through the parking lot without having the automobile under proper control, without keeping a proper lookout, and without taking any evasive action to avoid striking plaintiff. From the evidence, the jury could find that defendant was negligent in the operation of the motor vehicle and that such negligence was the proximate cause of the injuries to plaintiff. The statements of defendant to some of the witnesses that the brakes on the automobile she was driving failed is evidence to be considered by the jury in determining the issue of proximate cause. The jury, from the evidence, found that plaintiff was injured by the negligence of defendant in the operation of the motor vehicle and that such negligence was the proximate cause of the accident and plaintiff's injuries. The trial judge did not err in denying defendant's motions for directed verdict, and judgment notwithstanding the verdict, or her motion for a new trial.

[2] Defendant further assigns error to the court's ruling allowing plaintiff's expert witness, William H. Green, to give his opinion

DENTON v. PEACOCK

[97 N.C. App. 97 (1990)]

regarding the brakes on a 1974 Buick automobile. Defendant argues that it was unfair for the court to allow the witness to testify because plaintiff had not listed the expert as a witness in response to defendant's interrogatories requesting disclosure of experts. Defendant in her brief argues "[d]efendant had no opportunity to cross-examine Mr. Green before trial, by deposition or otherwise, or in any way be prepared to meet his testimony by counter experts."

Whether an expert witness is allowed to testify where the plaintiff has failed in response to an interrogatory to provide the names of the witnesses who might testify at trial rests in the discretion of the trial judge, and his ruling thereon allowing the witness to testify will not be found reversible error absent a showing of an abuse of discretion on the part of the judge. *In re Will of Maynard*, 64 N.C. App. 211, 307 S.E.2d 416 (1983); *State v. Hoffman*, 281 N.C. 727, 190 S.E.2d 842 (1972); *State v. Anderson*, 281 N.C. 261, 188 S.E.2d 336 (1972).

In the present case, the issue of whether defendant's brakes failed was raised in defendant's answer. At trial, the testimony offered in support of plaintiff's claim included statements made by defendant that her brakes had failed. Plaintiff sought to use the expert witness regarding the brakes on a 1974 Buick automobile to refute the allegations in the answer and statements made by defendant. Defendant does not challenge the competency of the testimony of the expert witness, but simply argues that it was unfair for the court to allow the witness to testify at trial since plaintiff had failed to advise defendant that an expert witness would be called regarding the brakes. Defendant vigorously cross-examined the witness at trial, and we perceive no prejudice to defendant by the court's allowing the witness' testimony. Under the circumstances of this case, we find no abuse of discretion by Judge Bowen in allowing the witness to testify.

Defendant's third and final assignment of error is set out in the record as follows: "The Court's refusal to allow defendant's counsel to cross-examine witnesses on several relevant and material issues cumulatively constitutes reversible error. . . ." The first exception upon which this assignment of error is based relates to a question asked of plaintiff as to whether she had also named the owner of Gym's Steak House as a party defendant. To this question on cross-examination, plaintiff answered yes. After the question had been asked and answered, plaintiff's objection was

sustained, but defendant made no action to strike. This exception is clearly without merit. The next three exceptions upon which this assignment of error is based relate to the court's sustaining plaintiff's objections to questions asked of plaintiff on cross-examination: (1) whether she had filed any complaint relating to the burn on her leg she received at the hospital; (2) whether she had been unable to pay certain bills, including medical bills; and (3) whether her husband had filed a loss of consortium claim in this matter. Defendant did not include the answers to these questions in the record; thus, we are unable to determine whether defendant was in any way prejudiced by the court's rulings. Moreover, we believe the information sought was wholly irrelevant, and the court did not err by sustaining plaintiff's objections.

No error.

Judges PHILLIPS and GREENE concur.