CRYSTAL DIANE PITTMAN, Plaintiff v. DAN TAYLOR BARKER, SR., Trustee of the Trust under the Will of R. L. Pittman, Sr., RAYMOND LUPTON PITTMAN, III, JEANETTE GRACE PITTMAN (FORD), SARAH DELLA PITTMAN, and SARAH GUY PITTMAN, executrix of the estate of Raymond L. Pittman, Jr. Defendants and R. LUPTON PITTMAN, III, Third Party Plaintiff v. SARAH GUY PITTMAN, Third Party Defendant

R. LUPTON PITTMAN, III, Plaintiff v. SARAH GUY PITTMAN, individually and as executrix of the estate of Raymond L. Pittman, Jr., Defendant

No. 9312SC1278

(Filed 17 January 1995)

1. **Trusts and Trustees § 274 (NCI4th)— breach of fiduciary duty of trustee—beneficiaries proper but not necessary parties**

    Two remainder beneficiaries of a testamentary trust were proper but not necessary parties to an action by the third remainder beneficiary alleging that the trustee, who was the primary life beneficiary, breached his fiduciary duty by depleting the trust corpus in order to maximize the income of the trust for himself since they were not essential parties to the court's determination of the total damages caused by the trustee's breach of his fiduciary duty, and the court could determine, without their joinder, plaintiff beneficiary's share of the total damages because the trust is explicit in determining the proportionate share of each remainder beneficiary, and there is no unascertained interest in the trust. N.C.G.S. § 1A-1, Rule 19.

    **Am Jur 2d, Trusts §§ 672 et seq.**

    **Trust beneficiaries as necessary parties to action relating to trust or its property. 9 ALR2d 10.**

2. **Actions and Proceedings § 21 (NCI4th)— deeds not on exhibit list—admission proper**

    In an action arising out of the distribution of an estate, the trial court did not err in allowing into evidence two deeds which had not been listed by plaintiff as exhibits in the pretrial order, since the deeds were not discovered until the trial was underway; defendant was a grantee in one of the deeds, and both were in her chain of title; and there was a recess after the deeds were introduced, allowing defendant additional time to examine the documents, explore the transactions, and meet the exhibits.

    **Am Jur 2d, Pretrial Conference and Procedure §§ 29 et seq.**

PITTMAN v. BARKER

[117 N.C. App. 580 (1995)]

### 3. Evidence and Witnesses § 2403 (NCI4th)— expert witness testimony excluded—offer of witness not timely

In an action involving breach of fiduciary duty by a trustee, the trial court did not err in excluding the testimony of one of defendant's expert witnesses on trust management where defendant designated the additional expert nearly a month after the date fixed by agreement for doing so, after all other experts for both sides had been deposed, and approximately ten business days prior to trial.

**Am Jur 2d, Witnesses §§ 4, 74.**

**Propriety of allowing state court civil litigant to call expert witness whose name or address was not disclosed during pretrial discovery proceedings. 58 ALR4th 653.**

### 4. Trusts and Trustees § 260 (NCI4th)— trustee's exercise of fiduciary duty—prudent man standard applicable

The trial court did not err in applying the prudent man standard of N.C.G.S. § 36A-2 to a trustee's exercise of his fiduciary duty, and that standard was not superseded by a grant of discretion in the trust document; furthermore, the court did not err in finding that the trustee breached his duty by failing to balance the investment of the trust's assets between income and growth investments and by favoring the interests of the life beneficiaries over those of the remaindermen.

**Am Jur 2d, Trusts §§ 391 et seq.**

**Duty of trustee to diversify investments, and liability for failure to do so. 24 ALR3d 730.**

### 5. Trusts and Trustees § 291 (NCI4th)— breach of fiduciary duty—statute of limitations—time from which facts known by plaintiff—failure to make findings—remand

Plaintiff's cross-claim for breach of fiduciary duty must be remanded for a determination, from the evidence already presented, as to when plaintiff knew or by the exercise of due diligence should have known of the facts giving rise to his claim and for the legal conclusions to be drawn therefrom with respect to the affirmative defenses of the statute of limitations, estoppel, laches, ratification, and waiver.

**Am Jur 2d, Trusts §§ 712 et seq.**

Appeal by defendant Sarah G. Pittman from judgments entered 30 April 1993 and 24 May 1993 and from order entered 2 June 1993 by Judge Wiley F. Bowen in Cumberland County Superior Court. Heard in the Court of Appeals 26 September 1994.

The facts giving rise to these two actions which were consolidated in the trial court, and the procedural history leading to this appeal, follow: Dr. R. L. Pittman died testate in 1963. His will created a testamentary trust (hereinafter "the trust"), and he appointed his son, Raymond L. Pittman, Jr. (hereinafter "Raymond Pittman"), as trustee. The trust established three classes of beneficiaries: a minor class of life beneficiaries consisting of Dr. Pittman's sister and widow, whose interests are not an issue in this case; a main class of life beneficiaries consisting of Raymond Pittman, who was to receive no less than 75% of the trust income during his lifetime, and Raymond Pittman's children, who upon reaching designated ages were to receive the remaining trust income during the lifetime of Raymond Pittman; and a class of remainder beneficiaries, consisting of Raymond Pittman's children, who were to divide the trust corpus in specified shares upon his death. The trust instrument gave the trustee the power to manage the trust estate as he in his "sole discretion shall deem to be for the best interest of the beneficiaries . . ., and . . . to do any and all things whatsoever which [he] in [his] sole discretion may deem advisable or needful for the effectuation of the purposes of the trust and for the promotion, conservation and protection of the trust estate and the interest of the beneficiaries thereunder."

Raymond Pittman was first married to Jeannette S. Pittman, and they had two children before divorcing in 1966: Raymond Lupton Pittman, III (hereinafter "Lupton Pittman") and Jeannette G. Pittman (Ford) (hereinafter "Jeannette Ford"). Raymond Pittman then married Sarah Guy Pittman (hereinafter "Sarah Pittman"); they had one daughter, Sarah Della Pittman (hereinafter "Della Pittman"). Raymond Pittman also adopted Sarah Pittman's daughter from a previous marriage, Crystal Diane Pittman (hereinafter "Crystal Pittman").

In June 1991, Raymond Pittman instructed the custodian of the trust assets to begin making income distributions from the trust to Crystal Pittman. He died in August 1991, leaving his entire estate to his widow, Sarah Pittman, and appointing her as his executrix.

On 4 December 1991, Crystal Pittman instituted the first of these actions. She sued the successor trustee of the trust, the beneficiaries of the trust, and her mother, as executrix of the estate of Raymond

**PITTMAN v. BARKER**

[117 N.C. App. 580 (1995)]

Pittman, seeking a remainderman's proportionate share of the trust corpus and such share of the income distributions of a life beneficiary as she would have been entitled had she been considered a natural child of Raymond Pittman. In their answers, Lupton Pittman and Jeannette Ford asserted crossclaims against Sarah Pittman, as executrix, alleging that Raymond Pittman had breached his fiduciary duty as trustee by directing income distributions to Crystal Pittman. Lupton Pittman also asserted crossclaims against the estate alleging that Raymond Pittman had breached his fiduciary duty by depleting the corpus of the trust in favor of the life beneficiaries to the detriment of the remaindermen, and that he had been negligent in the performance of his duties as trustee. In addition, Lupton Pittman filed a third party complaint against Sarah Pittman individually, alleging that she had convinced Raymond Pittman to include Crystal Pittman as an income beneficiary of the trust. Lupton Pittman sought to assert claims for undue influence, duress, tortious interference with a fiduciary relationship, and punitive damages.

On 5 June 1992, Lupton Pittman filed a second action, which is the other case involved in this appeal, against Sarah Pittman, individually and as executrix of the estate of Raymond Pittman. In this second action, Lupton Pittman alleged claims for breach of contract and conversion of certain property.

In October 1992, the parties to the suit brought by Crystal Pittman entered into a settlement agreement with respect to her interest in the trust. As a part of that agreement, Lupton Pittman dismissed with prejudice his crossclaims against the executrix for Raymond Pittman's negligence and breach of fiduciary duty for distributing trust income to Crystal Pittman. He also dismissed the claims contained in his third party complaint against Sarah Pittman, individually, for undue influence and duress. Jeannette Ford also dismissed her crossclaims against the executrix. Although no order appears in the record on appeal, the two cases were apparently consolidated and extensive discovery was conducted by the parties.

In February 1993, Sarah Pittman moved for summary judgment as to all of Lupton Pittman's remaining claims. In March 1993, Lupton Pittman voluntarily dismissed, without prejudice, the breach of contract claims contained in the second action. Approximately four weeks before the trial, Superior Court Judge Coy E. Brewer, Jr., denied summary judgment specifically as to the remaining claims in Lupton Pittman's third party complaint, entered various discovery

orders, and reserved the remaining summary judgment motions for Judge Bowen, who was assigned to preside at the trial commencing 12 April 1993.

On 8 April 1993, Sarah Pittman moved to dismiss Lupton Pittman's remaining claims pursuant to G.S. § 1A-1, Rule 12(b)(7) for failure to join Jeannette Ford and Della Pittman as necessary parties. She moved, alternatively, to continue the trial in order that the two could be joined as parties. Upon commencement of trial, and after hearing arguments on the pending motions, the trial judge announced that he would proceed with the evidence, implicitly denying the motion.

The trial was conducted by the court without a jury. At the conclusion of the evidence, the court dismissed the claims contained in Lupton Pittman's third party complaint against Sarah Pittman individually for tortious interference with fiduciary relationship and for punitive damages, as well as the claim for conversion contained in the complaint filed in the second suit. As to the sole remaining claim for relief contained in Lupton Pittman's crossclaim against Sarah Pittman in her capacity as executrix of Raymond Pittman's estate, the trial court found and concluded that Raymond Pittman had breached his fiduciary duty to the remainder beneficiaries of the trust and that Lupton Pittman had been damaged in the amount of $750,000. Judgment was entered in favor of Lupton Pittman against the Estate of Raymond Pittman in the amount of $750,000, and impressing a constructive trust on an undivided interest in certain real estate. The trial court subsequently found that Sarah Pittman had engaged in mismanagement and had acted in bad faith in the defense of the action and entered an additional judgment against her individually for Lupton Pittman's costs and attorneys' fees incurred in prosecuting the claim. Sarah Pittman's subsequent motions for relief from the judgments were denied and Lupton Pittman was awarded additional attorneys' fees. Sarah Pittman appeals.

*Wyrick Robbins Yates & Ponton, L.L.P., by Samuel T. Wyrick, III, and L. Diane Tindall, for plaintiff-appellee.*

*The Law Firm of H. Terry Hutchens, by H. Terry Hutchens, and John M. Owens for defendant-appellant.*

MARTIN (JOHN C.), Judge.

Sarah Pittman makes twenty-three separate assignments of error in the record on appeal and brings them forward in five arguments in

her brief. Because the trial court did not fully resolve the issues raised by the pleadings and the evidence, we must vacate the judgment and remand the case for further findings.

I.

**[1]** Sarah Pittman initially contends the trial court erred by failing to join Jeannette Ford and Della Pittman as necessary parties as required by G.S. § 1A-1, Rule 19. Sarah Pittman argues the sisters are united in interest with their brother in the trust estate, and therefore must be joined in his claim against Raymond Pittman's estate for his alleged breach of his fiduciary duty as trustee. We conclude their joinder was not required.

Rule 19 provides:

(a) *Necessary joinder.*—. . . those who are united in interest must be joined as plaintiffs or defendants; . . .

(b) *Joinder of parties not united in interest.*—The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action.

"Necessary parties" must be joined in an action, while "proper parties" may be joined. *Carding Developments v. Gunter & Cooke*, 12 N.C. App. 448, 183 S.E.2d 834 (1971).

A necessary party is one who is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence. A proper party is one whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others. (Citation omitted.)

*Id.* at 451-52, 183 S.E.2d at 837. A proper party to an action means "a party who has an interest in the controversy or subject matter which is separable from the interest of the other parties before the court, so that it may, but will not necessarily, be affected by a decree or judgment which does complete justice between the other parties." *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968), quoting 67 *C.J.S., Parties* § 1. "A proper party is one whose interest may be affected by a judgment but whose presence is not essential for

adjudication of the action." *River Birch Associates v. City of Raleigh*, 326 N.C. 100, 129, 388 S.E.2d 538, 555 (1990).

Jeannette Ford and Della Pittman are proper parties to the action rather than necessary parties. The claim upon which Lupton Pittman prevailed was against his father's estate for his breach of fiduciary duty, as trustee, by depleting the trust corpus in order to maximize the income from the trust for himself, as the primary life beneficiary. Jeannette Ford and Della Pittman are not necessary parties for the court to determine the total amount of specific damage caused by Raymond's breach of fiduciary duty to the remaindermen, as their interests are no different than Lupton Pittman's. Nor are the sisters necessary parties in order to determine Lupton Pittman's percentage share of the total damages caused by Raymond Pittman's breach, because his share had already been predetermined by the trust document itself. Though they have undeniable interests which might have been affected by the outcome of this action, they were not essential parties in order for the court to adjudicate the rights of Lupton Pittman as against their father's estate.

Defendant relies on our decision in *Wall v. Sneed*, 13 N.C. App. 719, 187 S.E.2d 454 (1972), for the proposition that in the context of trust beneficiaries, all persons legally or beneficially interested in the subject matter of the suit, or who will be affected by a decree therein, are necessary parties. However, the holding in *Wall* is not so broad and that case is readily distinguishable from the case before us.

In *Wall*, a mother transferred, *inter vivos*, her interest in certain real estate to one of her sons, allegedly with instructions for him to hold the property in trust and divide it among her children who had not already been conveyed a portion of the property earlier. Upon the mother's death, the son instead attempted to purchase all his siblings' claims to the property in question.

The eleven plaintiffs sued to determine their rights to the property. On appeal, however, this Court identified several other siblings and relations with important interests. Four of the non-plaintiff siblings had allegedly been paid by the son for their interests in the property. Nevertheless, there was a deed in the record indicating that the four had transferred their interests to a daughter of one of the plaintiffs. Thus not only was there a dispute as to the existence of the trust, there was a controversy as to who held the interests of the unjoined siblings. As noted in the opinion, "it appears [the unjoined parties] have rights in the subject matter of this controversy which

must be ascertained and settled before the rights of the present plaintiffs and defendants can be completely and finally adjudicated and determined." *Id.* at 724-25, 187 S.E.2d at 457. Joinder of the other siblings was found to be necessary, and the case was remanded.

No such confusion exists here. The trust is explicit in determining the proportionate share to which each of the remainder beneficiaries is entitled. There is no unascertained interest in the trust. Whether or not the other remainder beneficiaries were parties to the action would have no impact on the amount of total damages determined by the court to have been caused by Raymond Pittman's breach nor the proportionate share of those damages to be awarded to Lupton Pittman. Though they are proper parties by their common interest in the trust corpus, Jeannette Ford and Della Pittman are not necessary parties, and the trial court was not obligated to join them under G.S. § 1A-1, Rule 19.

Whether proper parties will be ordered joined rests within the sound discretion of the trial court. *Carding Developments v. Gunter & Cooke, supra.* We note that both Jeannette Ford and Della Pittman were parties to the original suit brought by Crystal Pittman, in which Lupton Pittman advanced the crossclaim upon which he ultimately recovered. Each had an opportunity to join in the crossclaim; neither chose to do so. The record discloses no abuse of the trial court's discretion by denying the motion to join the sisters.

## II.

[2] Sarah Pittman also argues that the trial court erred by allowing into evidence two deeds which had not been listed by Lupton Pittman as exhibits in the pretrial order. The deeds were both dated 21 April 1967 and conveyed an undivided interest in property, known as the Sykes Pond Property, from Raymond Pittman, as trustee, to himself individually, and, subsequently, from himself individually, to himself and Sarah Pittman as tenants by the entireties. The deeds were admitted during the examination of Sarah Pittman as an adverse witness by Lupton Pittman's counsel, over her objection on the grounds of unfair surprise. Lupton Pittman's counsel explained that the deeds had only been discovered the previous day during a title search with respect to the property and that Lupton Pittman had no knowledge of the existence or content of the deeds prior thereto. Sarah Pittman contends on appeal that she had no opportunity to prepare a defense to the presumption of fraud created by the exhibits.

PITTMAN v. BARKER

[117 N.C. App. 580 (1995)]

The admissibility of such evidence is a matter committed to the sound discretion of the trial court, and its decision will not be reviewed unless an abuse of discretion is shown. *Matter of Will of Maynard*, 64 N.C. App. 211, 307 S.E.2d 416 (1983), *disc. review denied*, 310 N.C. 477, 312 S.E.2d 884 (1984). No abuse of discretion has been shown here. The deeds were not discovered until the trial was underway, thus, they could not have been listed in the pretrial order. Sarah Pittman was a grantor in one of the deeds; both deeds were in her chain of title. Her counsel was sufficiently familiar with the transaction to be able to cross-examine another of Lupton Pittman's witnesses about the division of the property. Moreover, the record reflects that after the exhibits were introduced on Friday, the trial was recessed until the following Monday afternoon, allowing Sarah Pittman additional time to examine the documents, explore the transactions evidenced by them, and meet the exhibits. Her assignments of error with respect to the admission into evidence of the deeds are overruled.

### III.

Next Sarah Pittman contends that the trial court erred by finding that Raymond Pittman had breached his fiduciary duty as trustee. She argues (1) that the claim was barred by the statute of limitations and by the equitable defenses of estoppel, laches, ratification, and waiver; (2) that the trial court applied an erroneous standard to Raymond Pittman's actions as trustee; and (3) that the trial court unfairly excluded the testimony of one of her expert witnesses with respect to Raymond Pittman's management of the trust. We reject the latter two contentions. However, we are unable to review her first contention with respect to the affirmative defenses because the court's findings do not address or resolve those issues.

### A.

[3] We consider first Sarah Pittman's argument that it was error for the trial court to exclude the testimony of one of her expert witnesses on trust management. We disagree.

The record reflects the following: The trial of these cases was set for December 1992, but was continued until 12 April 1993 upon motion of Sarah Pittman. Pursuant to discovery extensions agreed upon by the parties, expert witnesses were to be designated by 1 March 1993. The parties exchanged designations of expert witnesses on that date, with Lupton Pittman designating five experts and Sarah

PITTMAN v. BARKER

[117 N.C. App. 580 (1995)]

Pittman designating four experts. Each completed the depositions of the other's designated expert witnesses by 25 March 1993. On that date, Sarah Pittman's counsel notified opposing counsel that a fifth expert, William Weiner, would testify. On 26 March 1993, Lupton Pittman moved *in limine* to exclude Mr. Weiner's testimony, contending unfair prejudice pursuant to G.S. § 8C-1, Rule 403. Prior to trial on 12 April 1993, the trial court granted the motion and excluded Mr. Weiner's testimony on the grounds of "undue delay" by Sarah Pittman and "unfair prejudice" to Lupton Pittman.

Sarah Pittman contends that because the trial court relied upon G.S. § 8C-1, Rule 403, in excluding the testimony of Mr. Weiner, it applied the wrong standard and its ruling should be overturned. She argues that Rule 403 is strictly an evidentiary rule and is not applicable to claims of delay and surprise in pre-trial disclosure procedures. Even assuming, *arguendo*, that Rule 403 has no application, we decline to disturb the trial court's exclusion of Mr. Weiner. Whether to exclude evidence under Rule 403 is within the sound discretion of the trial court, *Smith v. Pass*, 95 N.C. App. 243, 382 S.E.2d 781 (1989), as is a ruling with respect to whether a witness should be allowed to testify where the proffering party had not properly disclosed the witness' identity through discovery. *Denton v. Peacock*, 97 N.C. App. 97, 387 S.E.2d 75, *disc. review denied*, 326 N.C. 595, 393 S.E.2d 876 (1990); *see also Peed v. Peed*, 72 N.C. App. 549, 325 S.E.2d 275, *cert. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985). "A discretionary ruling by the trial judge should not be disturbed on appeal unless the appellate court is convinced by the cold record that the ruling probably amounted to a substantial miscarriage of justice." *Boyd v. L. G. DeWitt Trucking Co.*, 103 N.C. App. 396, 406, 405 S.E.2d 914, 921, *disc. review denied*, 330 N.C. 193, 412 S.E.2d 53 (1991). We discern no "substantial miscarriage of justice" and no abuse of the trial court's discretion where Sarah Pittman designated the additional expert nearly a month after the date fixed by agreement for doing so, after all other experts for both sides had been deposed, and approximately ten business days prior to trial. This assignment of error is without merit.

B.

[4] We also reject Sarah Pittman's contention that because the trust instrument does not require the trustee to invest the trust assets so as to increase the value of the trust corpus for the remaindermen, the trial court erred by applying the prudent man standard to Raymond

Pittman's actions as trustee. By simply granting Raymond Pittman "sole discretion" to manage the trust corpus, the trust instrument did not obviate his obligation to the remaindermen as required by G.S. § 36A-2:

> (a) In acquiring, investing, reinvesting, exchanging, retaining, selling, and managing property for the benefit of another, a fiduciary shall observe the standard of judgment and care under the circumstances then prevailing, which an ordinarily prudent man of discretion and intelligence, who is a fiduciary of the property of others, would observe as such fiduciary . . . .

The present case is similar to *Fortune v. First Union Nat. Bank*, 87 N.C. App. 1, 359 S.E.2d 801 (1987), *reversed on other grounds*, 323 N.C. 146, 371 S.E.2d 483 (1988). There, an executor acting as trustee for the beneficiaries was given "absolute discretion" to accumulate and distribute the estate's income and principal. Despite such language, this Court held that "an executor, in performing those duties related to managing the estate's assets, acts as a trustee to beneficiaries of the estate. As such, the executor is liable for the depreciation of assets which an ordinarily prudent fiduciary would not have allowed to occur." *Id.* at 5, 359 S.E.2d at 804. (Citations omitted.) *See also First National Bank of Catawba County v. Edens*, 55 N.C. App. 697, 286 S.E.2d 818 (1982).

The foregoing cases make clear that the prudent man fiduciary standard of G.S. § 36A-2 is not superseded by a grant of discretion in the trust document and is the proper standard by which to judge the conduct of Raymond Pittman as trustee. There is competent evidence in the record to support the trial court's findings and conclusion that Raymond Pittman violated the prudent man standard by failing to balance the investment of the trust's assets between income and growth investments and by favoring the interests of the life beneficiaries over those of the remaindermen. The trial court did not err in applying the prudent man standard to Raymond Pittman's exercise of his fiduciary duty, nor in its finding that he breached that duty.

C.

[5] In her answer to Lupton Pittman's crossclaim for breach of fiduciary duty, Sarah Pittman asserted the affirmative defenses of the statute of limitations, estoppel, laches, ratification and waiver. Because pledging a fiduciary duty to a trust is most similar to the acceptance of a contract, our Supreme Court has determined that the statute of limitations applicable to an action for breach of such a fidu-

ciary duty is the same as that applicable to an action for breach of contract, i.e., three years. *Tyson v. North Carolina National Bank,* 305 N.C. 136, 286 S.E.2d 561 (1982). The statute of limitations begins to run when the claimant "knew or, by due diligence, should have known" of the facts constituting the basis for the claim. *Hiatt v. Burlington Industries, Inc.,* 55 N.C. App. 523, 286 S.E.2d 566, *disc. review denied,* 305 N.C. 395, 290 S.E.2d 365 (1982). The equitable defenses of estoppel, laches, ratification, and waiver similarly require, *inter alia,* a determination of when Lupton Pittman knew of the breach. *See One North McDowell Assn. v. McDowell Development Company,* 98 N.C. App. 125, 389 S.E.2d 834 (1990) (estoppel); *Cieszko v. Clark,* 92 N.C. App. 290, 374 S.E.2d 456 (1988) (laches); *Link v. Link,* 278 N.C. 181, 179 S.E.2d 697 (1971) (ratification); *and Fetner v. Granite Works,* 251 N.C. 296, 111 S.E.2d 324 (1959) (waiver).

The evidence at trial was conflicting. Lupton Pittman's evidence tended to show that he first became aware of the manner in which Raymond Pittman was managing the trust in the summer of 1990, when he consulted with a friend, Robert Warren, a stockbroker. Mr. Warren provided Lupton Pittman with a performance report of the trust's investments. Lupton Pittman testified that he had not been able to understand the annual reports from the trustee because they were confusing and difficult to understand, and that it was not until Mr. Warren compiled the analysis that it became apparent to him that Raymond Pittman had breached his duty to the remainder beneficiaries of the trust. His crossclaim was filed 4 February 1992, within three years of the time when he knew of the breach.

Sarah Pittman offered evidence tending to show that Lupton knew or should have known of the facts constituting the basis for his claim no later than the time of a meeting with Paul Weick, a trust officer with United Carolina Bank, on 30 October 1986. At that meeting, the trust's investments were reviewed, and Lupton Pittman indicated his understanding of, and disagreement with, the investment strategy. Paul Weick maintained contact with Lupton Pittman regarding the trust's investments and made himself available to answer any questions Lupton Pittman might have had.

"In a trial without a jury, it is the duty of the trial judge to resolve all issues raised by the pleadings and the evidence by making findings of fact and drawing therefrom conclusions of law upon which to base a final order or judgment. *Small v. Small,* 107 N.C. App. 474, 477, 420 S.E.2d 678, 681 (1992). To resolve the issues raised by the affirmative defenses, the trial court was required to resolve the conflict in the evi-

PITTMAN v. BARKER

[117 N.C. App. 580 (1995)]

dence as to when Lupton Pittman first knew or should have known of the facts giving rise to his claim for alleged breach of fiduciary duty. Without such findings, the judgment is incomplete, and we are unable to consider the arguments raised on appeal. "When all issues are not so resolved by the trial court, this Court has no option other than to vacate the order and remand the cause to the trial court for completion." *Id.* Thus, we must vacate the judgment and remand this case to the trial court for its findings of fact, from the evidence already presented, as to when Lupton Pittman knew, or by the exercise of due diligence, should have known, of the facts giving rise to his claim for breach of fiduciary duty, and the legal conclusions to be drawn therefrom with respect to the affirmative defenses raised by Sarah Pittman.

IV.

By additional assignments of error, Sarah Pittman contends that the trial court erred by entering judgment against Raymond Pittman's estate and against her, individually, for costs and attorneys' fees incurred by Lupton Pittman in prosecuting his claim, and by denying her motion for relief from the judgments pursuant to G.S. § 1A-1, Rule 60(b). The judgment for costs and attorneys' fees and the order denying the motion for relief from the judgment are both dependent upon the judgment entered upon Lupton Pittman's claim for fiduciary duty, which we have vacated. Thus, we must also vacate the judgment for attorneys' fees and the order denying Sarah Pittman's motions for relief. The assignments of error with respect thereto may or may not become moot, depending upon the trial court's findings upon remand, and we decline to address their merits at this time.

Because the trial court did not fully resolve the issues raised by the pleadings and the evidence, as above noted, we must vacate the judgment and remand the case for additional findings of fact, upon such evidence as the parties have presented at the trial of this matter, which will resolve those issues. The trial court will then enter judgment according to its findings and its conclusions of law drawn therefrom.

Vacated and Remanded.

Chief Judge ARNOLD and Judge THOMPSON concur.

Judge Thompson concurred prior to 30 December 1994.