DAWN v. DAWN

[122 N.C. App. 493 (1996)]

———————————

JON N. DAWN AND ANN E. DAWN, PLAINTIFFS V. JOE EDWARD DAWN AND WIFE, MILDRED H. DAWN; AND JOE EDWARD DAWN, JR., INDIVIDUALLY AND AS TRUSTEE, DEFENDANTS

No. COA95-864

(Filed 21 May 1996)

**Limitations, Repose, and Laches § 98 (NCI4th)— breach of fiduciary duty—when discovery should have been made—genuine issue of fact—applicability of statute of limitations**

The trial court erred in holding that plaintiffs' claim against defendant trustee for breach of fiduciary duty for cancellation of a deed of trust was barred by the statute of limitations where there was a genuine issue of material fact as to whether plaintiffs

exercised due diligence in investigating the status of the indebtedness secured by the deed of trust.

**Am Jur 2d, Limitation of Actions § 476.**

Appeal by plaintiffs from order entered 23 May 1995 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 28 March 1996.

*Corry, Cerwin & Luptak, by Todd R. Cerwin, for plaintiffs-appellants.*

*Arthurs & Foltz, by Nancy E. Foltz, for defendant-appellee Joe Edward Dawn, Jr.*

WALKER, Judge.

Plaintiffs' complaint alleged the following facts: On 30 October 1980, defendants Joe Edward Dawn (plaintiff Jon N. Dawn's brother) and his wife Mildred H. Dawn (hereinafter defendants) borrowed the sum of $30,000 from plaintiffs. On that date, defendants executed a note evidencing the debt to plaintiffs and setting forth the terms of repayment. To secure the note, defendants executed a deed of trust to real property located in Gaston County, North Carolina. The Dawns' son, defendant Joe Edward Dawn, Jr. (hereinafter the trustee), was named as trustee. The deed of trust was recorded in the Gaston County Registry on 10 March 1981.

Defendants allegedly defaulted on the loan. Plaintiffs made repeated demands on defendants, but no payments were made on the loan after 10 April 1986. As of 3 May 1994, the balance due on the loan, including interest, was in excess of $100,000.

In late 1990, defendants attempted to refinance the indebtedness on their property in Gaston County in connection with an agreement to sell the property. To facilitate the refinancing, a title search was conducted which revealed the existence of the deed of trust evidencing defendants' debt to plaintiffs. Defendants then advised the attorney who was handling the sale of the property that their debt to plaintiffs had been satisfied on 15 January 1986 but had not been marked "Cancelled of Record." Based upon defendants' representations, the attorney prepared a document entitled "Cancellation of Deed of Trust by Trustee and Notice of Satisfaction." He then forwarded the document to the trustee for execution. On 3 October 1990, the trustee, pursuant to specific instructions from defendants, executed the docu-

ment, had it notarized, and returned it to either defendants or their attorney. Plaintiffs alleged that the trustee failed to make adequate inquiry into the status of defendants' indebtedness to plaintiffs in that he did not contact plaintiffs to determine whether they agreed that the debt had been satisfied or to obtain their consent to the cancellation of the deed of trust.

On 7 December 1990, allegedly at the direction of defendants and with the acquiescence of the trustee, the cancellation document was recorded in the Office of the Register of Deeds of Gaston County. Plaintiffs were not notified that the deed of trust had been cancelled of record.

In 1993, defendants sold the Gaston County property. Plaintiffs learned of this sale in February 1994. On 17 March 1994 plaintiffs conducted a title search and discovered the cancellation of the deed of trust. On 12 December 1994, plaintiffs filed this action against the trustee, defendant Joe Edward Dawn, Jr., seeking damages caused by his negligence and breach of fiduciary duty.

Joe Edward Dawn, Jr. filed a 12(b)(6) motion to dismiss, alleging that plaintiffs' claims against him were barred by the statute of limitations. The trial court agreed and ordered that plaintiffs' claims against him be dismissed with prejudice.

In order for a defendant to succeed on a 12(b)(6) motion to dismiss based on a statute of limitations, he must show that the plaintiff's complaint on its face discloses that the action is time-barred. *Long v. Fink*, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986). Where, as here, the action is one for damages caused by a trustee's breach of fiduciary duty, the applicable statute of limitations is three years. *Tyson v. N.C.N.B.*, 305 N.C. 136, 141-42, 286 S.E.2d 561, 564-65 (1982). The statute begins to run when the claimant " 'knew or, by due diligence, should have known' of the facts constituting the basis for the claim." *Pittman v. Barker*, 117 N.C. App. 580, 591, 452 S.E.2d 326, 332 (citation omitted), *review denied*, 340 N.C. 261, 456 S.E.2d 833 (1995).

Our cases suggest that the question of when a plaintiff knew or should have known of an alleged breach of fiduciary duty is for the trier of fact to resolve. *See Pittman*, 117 N.C. App. at 591-92, 452 S.E.2d at 333 (where evidence at trial was conflicting as to when. plaintiff knew or should have known of facts giving rise to claim for alleged breach of fiduciary duty, trial court sitting as factfinder was

required to make findings on the evidence in order to resolve conflict); *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 239, 330 S.E.2d 649, 653 (in action alleging breach of fiduciary duty by corporate director and officer, question as to when plaintiffs knew or should have known true facts giving rise to alleged breach was for jury to decide), *review denied*, 314 N.C. 541, 335 S.E.2d 19 (1985).

Plaintiffs here alleged that they received no notice of the cancellation of the deed of trust at the time it was recorded. They therefore assert that the statute of limitations here did not begin to run until 17 March 1994, the date upon which their title search revealed the cancellation. Defendant Joe Edward Dawn, Jr., however, claims that "plaintiffs, in the exercise of due diligence with regard to the conduct of their own affairs, could have easily discovered the alleged breach when the cancellation of the Deed of Trust was filed on December 7, 1990." Thus, he argues, their lawsuit filed on 12 December 1994, more than four years later, was time-barred.

Taking all allegations in plaintiffs' complaint as true, as we are required to do at this stage of the proceedings, *Rawls v. Lampert*, 58 N.C. App. 399, 400, 293 S.E.2d 620, 621 (1982), we cannot conclude, as a matter of law, that plaintiffs' claims against the trustee are time-barred. We hold that, as in *Pittman* and *Lowder*, the question of when plaintiffs here knew or should have known of the trustee's alleged breach of fiduciary duty is for the trier of fact to resolve. Because of the close family relationships of the parties involved here, the issue of whether plaintiffs exercised due diligence in investigating the status of defendants' indebtedness is one that is not easily resolved. More evidence is needed regarding the circumstances surrounding the cancellation of the deed of trust before it can be determined whether plaintiffs should have known of the cancellation prior to 17 March 1994.

For the foregoing reasons, the order of the trial court dismissing plaintiffs' action against the trustee is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed.

Judges JOHNSON and WYNN concur.