JAMIE MARTIN, Plaintiff v. STEVEN MARTIN, Defendant

No. COA03-1303

(Filed 7 December 2004)

**Child Support, Custody, and Visitation— prohibiting possession or ownership of firearms—failure to address safety of children**

The trial court erred in a child custody and support case by ordering that defendant father cannot possess or own any firearms until the parties' children are emancipated or until further order, because: (1) the court's finding that defendant owns and keeps guns at his home and on his person, without any finding or conclusion that the children are endangered by those guns, does not support this order; and (2) the trial court failed to address whether the safety of the children is affected by the father's ownership of firearms as required by N.C.G.S. § 50-13.2(a).

Appeal by defendant from order entered 4 June 2003 by Judge Jane V. Harper in the District Court in Mecklenburg County. Heard in the Court of Appeals 25 August 2004.

*Daniel J. Clifton, for defendant-appellant.*

*No brief filed for plaintiff-appellee.*

MARTIN v. MARTIN

[167 N.C. App. 365 (2004)]

HUDSON, Judge.

On 15 November 2002, plaintiff filed a complaint and motion for domestic violence protective order against defendant for their son's protection, and the court granted a ten-day order *ex parte*. Following a hearing on 25 November 2002, the court granted the domestic violence protective order for one year. The order prohibited anyone from using physical discipline on the son, and prohibited defendant from possessing firearms for the duration of the order.

Also on 25 November 2002, plaintiff filed a complaint seeking child custody and support. That matter was consolidated with the domestic violence case protective order. On 31 March 2003, after a hearing, the court entered an order setting temporary child support. A permanent child custody and child support order was filed on 4 June 2003. This order prohibited defendant from owning or possessing any firearms until the children are emancipated or until further order. Defendant appeals. Plaintiff did not file a brief in this Court. For the reasons discussed below, we reverse.

Defendant Steven Martin and plaintiff Jamie Martin married on 22 September 1995. They have two minor children, a son, C., born 2 January 1996, and a daughter, S., born 22 June 1998. After plaintiff and defendant separated in February 2000, defendant began living with Pam Whitty ("Ms. Whitty"). Plaintiff and defendant shared custody of the children, and Ms. Whitty sometimes cared for the children at defendant's home. These proceedings began after 14 November 2002, when Ms. Whitty spanked C. and injured him.

Defendant argues that the court exceeded its statutory authority in ordering that defendant not possess or own any firearms until the children are emancipated or until further order. We agree.

In the permanent custody and child support order filed 4 June 2003, the court made extensive findings of fact, only one of which pertains to defendant's possession of guns:

10. Father is a gun collector. When the DVPO was entered, eleven firearms were removed by the Sheriff's Department. When father had his guns, he kept them with him much of the time, including in his vehicle on errands with the children. Mother testified, and the court finds this more likely than not to be true, that he slept with a loaded handgun under his pillow (he denies this). He has continued to purchase gun parts, and knives, on Ebay. The DVPO

will expire November 25, 2003 and unless it is renewed, father will have the opportunity to retrieve his firearms, upon filing a motion and getting a court order.

Although both defendant and Ms. Whitty testified that defendant never allowed a loaded gun to be "out in the open," and that he followed rules of gun safety, the court made no further findings about this matter. The court mentioned neither guns nor any threat or danger to the children's safety or well-being from defendant in its other findings and conclusions. Defendant contends that finding 10 alone does not support the court's order that:

> 9. Father shall not own or possess any firearms until the children are emancipated, or until further order. Should he file a motion for return of firearms in 02 CVD 20738, that motion shall be set for hearing before the undersigned.

We agree.

The standard of review of a child custody order is well-established:

> Our trial courts are vested with broad discretion in child custody matters. This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges. . . . In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, [an appellate court] must determine if the trial court's factual findings support its conclusions of law.

*Shipman v. Shipman*, 357 N.C. 471, 474-5, 586 S.E.2d 250, 253-4 (2003) (internal citations and quotation marks omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 52. By enacting N.C. Gen. Stat. § 50-13.2(a) the General Assembly has specifically required trial courts to take into account any history of domestic violence, as follows:

> An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will best promote the interest and welfare of the child. In making the determination, the court shall consider all relevant factors including acts of domestic violence between the parties, the safety of the child, and the

safety of either party from domestic violence by the other party and *shall make findings accordingly.*

N.C. Gen. Stat. § 50-13.2(a) (2003) (emphasis added). Here, the court's finding that defendant owns and keeps guns at his home and on his person, without any finding or conclusion that the children are endangered by those guns, does not support its order barring defendant from owning or possessing guns until the children are emancipated or until further court order.

Further, in this custody order, the trial court has reached this conclusion without addressing whether the safety of the children is affected by the father's ownership of firearms, as the statute specifically requires. Because these findings are required by the statute, we conclude that in the absence of such findings, we must vacate the order and remand for further proceedings and a new order entered consistent with the statute and with this opinion.

Reversed and remanded.

Judges TYSON and BRYANT concur.