638 S.E.2d 513 (2007)
In the Matter of M.E., a minor child.
No. COA06-787.
Court of Appeals of North Carolina.
January 2, 2007.
Lawrence Best & Associates, P.A., by Natarlin R. Best, Rocky Mount, for Edgecombe County Department of Social Services petitioner-appellee.
Robert Dale Pitt, Pinetops, for guardian ad litem; and Rountree & Boyette, LLP, by Wayne S. Boyette, Tarboro, for respondent-father appellee.
Duncan B. McCormick, Lillington, for respondent-mother appellant.
McCULLOUGH, Judge.
Respondent-mother (respondent) appeals from a supplemental order entered 15 May 2006 finding and concluding that North Carolina was an inconvenient forum and transferring jurisdiction of the matter to Ohio.
The facts of this case are as follows: The trial court adjudicated M.E. dependent on 4 May 2000 and placed legal and physical custody of M.E. with Edgecombe County Department of Social Services. By orders filed in 2002, the trial court subsequently granted physical custody and legal custody of M.E. to her father, who lives in Ohio. Respondent moved for custody review on 9 September 2004, requesting that M.E. be placed with her. After holding a hearing on respondent's motion, the trial court entered a Custody Review order on 3 January 2005 and ordered, among other things, that the father have legal and physical custody of M.E., with respondent having visitation and notification rights. The trial court also suspended all further reviews and transferred jurisdiction to Seneca County, Ohio.
Respondent appealed to this Court challenging the portion of the 3 January 2005 order pertaining to the transfer of jurisdiction. Respondent contended that the trial court erred by transferring jurisdiction to Ohio without making relevant findings of fact *514 and conclusions of law. This Court agreed with respondent and vacated the portion of the order regarding the transfer of jurisdiction and remanded "for entry of an order containing the appropriate findings of fact and conclusions of law, or other action consistent with this decision." In re M.E., No. 05-1129, 2006 WL 997852, *2 (N.C.Ct.App., Apr. 18, 2006) (hereinafter "M.E. I"). This Court affirmed the trial court's 3 January 2005 order "in all other aspects[.]" Id.
Upon remand, the trial court entered a "Custody Review Supplemental Order" on 15 May 2006, in which it incorporated the findings and conclusions of its 3 January 2005 order, and made additional findings of fact in accordance with this Court's opinion. Based on the findings, the trial court concluded that "a court of proper jurisdiction located in the State of Ohio is a more appropriate forum under the circumstances than this Court located in the State of North Carolina[.]" The trial court also stayed proceedings in the matter for a period of no more than three months from the date of the supplemental order to allow the father to bring a child custody action in Ohio. From this supplemental order, respondent appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in finding and concluding that North Carolina was an inconvenient forum.
Subject matter jurisdiction in interstate custody disputes are generally governed by the Uniform Child Custody Jurisdiction Act, which has been codified in North Carolina under Chapter 50A of the North Carolina General Statutes. See Wilson v. Wilson, 121 N.C.App. 292, 294, 465 S.E.2d 44, 45 (1996); see also 28 U.S.C.S. § 1738A (2006). Pursuant to N.C. Gen.Stat. § 50A-207, a court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum." N.C. Gen.Stat. § 50A-207(a) (2005) (emphasis added). The statute further provides:
(b) Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(2) The length of time the child has resided outside this State;
(3) The distance between the court in this State and the court in the state that would assume jurisdiction;
(4) The relative financial circumstances of the parties;
(5) Any agreement of the parties as to which state should assume jurisdiction;
(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
(8) The familiarity of the court of each state with the facts and issues in the pending litigation.
N.C. Gen.Stat. § 50A-207(b)(1)-(8). "In a custody proceeding, the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." Owenby v. Young, 357 N.C. 142, 147, 579 S.E.2d 264, 268 (2003).
In support of its conclusion that North Carolina was an inconvenient forum, the trial court made the following seventeen findings of fact with respect to the list of factors outlined in Section 50A-207(b):
(1) That, M.E. has been exposed to no domestic violence in Ohio;
(2) That, in the unlikely event that M.E. was to be exposed to domestic violence, the State of Ohio, where M.E., Ohio Social Services, and M.E.'s therapists are located, could best protect M.E.;

*515 (3) That, according to M.E.'s therapist, Chris Harvey, and the Court so finds as fact, M.E. has adjusted to her placement, is happy and her father is a nurturing and caring parent who has appropriate parenting skills to meet M.E.'s needs;
(4) That, M.E. has resided in Ohio, and therefore outside of this State, with her father for nearly three years, the Edgecombe County Department of Social Services having placed M.E. in the physical custody of her father in March of 2002;
(5) That, the distance between this Edgecombe County court and the court in Ohio that would assume jurisdiction of this case is approximately 500 miles;
(6) That, in the past the father, though working, was at least once unable to make the trip from Ohio to Edgecombe County, N.C., because of the financial burdens of such trip and that, in the past, the father has missed work because of a required court appearance in said County;
(7) That, in the past, the father found it necessary to work with the mother by meeting her half way between their respective residences in North Carolina and Ohio in order to facilitate visitation for all parties concerned;
(8) That, because of said approximate 500 mile distance between said courts, the financial burden on both the father and the mother would be significant;
(9) That, the parties did not reach an agreement as to whether Ohio or North Carolina would assume jurisdiction;
(10) That, since said physical placement of M.E. with her father, M.E., her father and stepmother have received counseling in Ohio with Chris Harvey, a therapist with Firelands Counseling and Recovery Services, and M.E. continues to receive needed counseling in the State of Ohio;
(11) That, M.E.'s current therapists and most, if not all, of M.E.'s psychological and therapeutic records accumulated over the past three years are located in Ohio;
(12) That, the Ohio DSS is familiar with M.E. and this family, having investigated the family on more than one occasion due to the mother's referrals which were subsequently unsubstantiated;
(13) That, the nature of the evidence in this case required to resolve the pending litigation is largely comprised of records and testimony, the vast majority of which are located in Ohio, to wit: the testimony of Ohio DSS officials, the testimony of M.E., the testimony of M.E.'s father, stepmother, therapists, teachers, and principal, AND the recent school, therapeutic and psychological records of M.E.;
(14) That, due to the location of the evidence, the Ohio Court has the ability to decide any issue pertaining to this case expeditiously;
(15) That, the procedures necessary to present the evidence, i.e., procuring testimonial evidence located in Ohio and producing recent therapeutic and school records also located in Ohio, can be accomplished most effectively and efficiently by the Ohio court;
(16) That, due also to the fact that the evidence presented in all of the hearings throughout the history of this case is preserved in comprehensive, comprehensible form in the court records, the Ohio Court would be well equipped to understand quickly and to decide expeditiously any issue pertaining to this case;
(17) That, the North Carolina Judges who have presided over any hearing in this case are, in general, more familiar with the straightforward facts and issues of this case than any Judge, whether located in Ohio or North Carolina, who has heard no portion of this case, though any Judge, upon review of the well documented, comprehensible court file, would immediately become familiar with said facts and issues[.]
In her brief, respondent challenges findings of fact 13 through 17; thus, the remaining findings are presumed to be correct and supported by the evidence. See In re Moore, 306 N.C. 394, 293 S.E.2d 127, reh'g denied, 306 N.C. 565 (1982), appeal dismissed, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983). A review of the record and transcript shows each of the trial court's findings are based upon orders entered in the case and reports from social workers and counselors. *516 Further, contrary to respondent's assertion, the trial court properly considered the findings of fact in its 3 January 2005 Custody Review order in determining whether North Carolina was not a convenient forum for the case. As this Court noted in M.E. I, respondent did not challenge "any portion of the trial court's order, other than its transfer of jurisdiction to Ohio" and this Court affirmed the Custody Review order "in all respects other than the transfer of jurisdiction." M.E., No. 05-1129, 2006 WL 997852, *3.
We are also unpersuaded by respondent's assertion that the trial court erred in transferring jurisdiction to Ohio because there was no pending litigation since the trial court had already ruled on the merits of her motion for review. Here, the 1999 juvenile petition alleging M.E. dependent vested the trial court with continuing subject matter jurisdiction until M.E.'s eighteenth birthday. See In the Matter of Arends, 88 N.C.App. 550, 364 S.E.2d 169 (1988) (holding that the trial court retained exclusive jurisdiction over the children pursuant to N.C. Gen.Stat. § 7B-201, which provided that the trial court had continuing jurisdiction over any case involving a delinquent, undisciplined, abused, neglected, or dependent juvenile until the juvenile's eighteenth birthday or emancipation). Thus, the matter is "pending" within the meaning of § 50A-207 and under this statute, the court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum." N.C. Gen.Stat. § 50A-207(a) (emphasis added).
We conclude that there is sufficient evidence for the trial court to transfer jurisdiction to Ohio and the trial court made the appropriate findings under N.C. Gen.Stat. § 50A-207. Accordingly, the trial court properly entered its supplemental order. The trial court's order is
Affirmed.
Chief Judge MARTIN and Judge LEVINSON concur.