CLAIRE COURS BACKMAN (now GLENN), Plaintiff,
v.
WILLIAM L. BACKMAN, Defendant.
No. COA07-1055
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Turner & Yates, PA, by David W. Yates, for plaintiff.
Nancy M. Rivenbark for defendant.
WYNN, Judge.
A North Carolina court with jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) to make a child-custody determination "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum."[1] Here, the defendant argues the trial court erred by concluding that North Carolina was an inconvenient forum. Because the trial court considered all the required factors before concluding that North Carolina was an inconvenient forum, we affirm. William Backman and Claire Backman (now "Claire Glenn") married in 1988 and had two children during their marriage. The couple divorced on 26 February 2001, pursuant to a Final Judgment of Dissolution of Marriage entered in Hillsborough County, Florida. The divorce judgment incorporated portions of the parties' mediation agreement, which required Mr. Backman to begin psychotherapy and allowed his psychologist to determine the point at which he was ready for visitation with his children. Additionally, the judgment referenced two domestic violence protection orders issued on 19 January 2000, and stated that "[t]he restrictions and injunctions currently in place regarding the Husband's contact with the children will remain in place but will be modified as visitation commences pursuant to the above parenting plan."
In October 2001, Ms. Glenn moved to North Carolina. On 8 May 2003, Mr. Backman filed a Supplemental Petition for Modification of Final Judgment of Dissolution of Marriage in Florida, requesting that the court grant him "make-up time" with his children and "a schedule of visitation that exceeds the standard schedule" because he had had no contact with his children since December 2000.
On 19 June 2003, Ms. Glenn filed a complaint in North Carolina, requesting that the North Carolina court assume jurisdiction over issues related to custody and visitation of the minor children and modify the plan set forth in the divorce judgment. On 6 August 2003, Mr. Backman filed a motion to dismiss Ms. Glenn's action for lack of jurisdiction. On 22 October 2003, the Watauga District Court of North Carolina entered an order concluding that North Carolina had subject matter jurisdiction and was the proper forum to determine issues of custody and visitation.
In August 2005, having remarried, Ms. Glenn moved to Montana with her husband, two children, and two step-children. On 21 November 2005, the North Carolina court held a hearing at which Ms. Glenn was not present. On 22 May 2006, the North Carolina court issued an order concluding that it had jurisdiction over the parties and subject matter, dismissing Ms. Glenn's action to modify the existing child custody order from Florida, and ordering Ms. Glenn to appear with the minor children at the 8 June 2006 court session. In response, Ms. Glenn filed a motion to stay the proceedings and transfer the case to Montana pursuant to the UCCJEA.
On 14 June 2006, Ms. Glenn filed a Request for Registration of Final Judgment of Marriage in Gallatin County, Montana, and a request for a UCCJEA conference. Subsequently, the Montana court entered an order to schedule a UCCJEA conference via telephone for 7 August 2006, with the North Carolina court, the Montana court, and the parties.
As a result of the telephone conference, both the North Carolina court and Montana court entered orders requiring the parties to submit any relevant information relating to whether North Carolina is an "inconvenient forum" under the UCCJEA by 18 September 2006. In the memoranda in response to the court orders, Ms. Glenn requested the matter be transferred to Montana, while Mr. Backman requested it remain in North Carolina. On 28 February 2007, the North Carolina court entered an order concluding that although the court had exclusive, continuing jurisdiction over the parties and subject matter pursuant to N.C. Gen. Stat. § 50A-202(a), "North Carolina is an inconvenient forum under the circumstances . . . and Florida is the more appropriate forum for the child-custody determination."
The sole argument raised by Mr. Backman on appeal is that the North Carolina trial court erred by relinquishing jurisdiction. On appeal, we review "whether the trial court abused its discretion in finding and concluding that North Carolina was an inconvenient forum." In re M.E., 181 N.C. App. 322, 324, 638 S.E.2d 513, 514, disc. review denied, 361 N.C. 354, 646 S.E.2d 115 (2007).
The trial court concluded that it had jurisdiction over this matter pursuant to N.C. Gen. Stat. § 50A-202(a).[2] Section 50A-202(a) states:
(a) Except as otherwise provided in G.S. 50A-204, a court of this State which has made a child-custody determination consistent with G.S. 50A-201 or G.S. 50A-203 has exclusive, continuing jurisdiction over the determination until:
(1) A court of this State determines that neither the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or
(2) A court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.
N.C. Gen. Stat. § 50A-202(a) (2005).
Although Mr. Backman recognizes that the trial court had jurisdiction, he argues that because the court's 22 May 2006 order was not a final custody determination, no child-custody determination was made as required by section 50A-202(a). However, Mr. Backman incorrectly interprets the meaning of "child-custody determination." The UCCJEA defines "child-custody determination" as "a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order." Id. § 50A-102. Because the trial court's 22 May 2006 order qualifies as a "child-custody determination," it correctly applied section 50A-202(a).
When a North Carolina court has jurisdiction under the UCCJEA to make a child-custody determination, it
may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.
Id. § 50A-207(a). Before determining that North Carolina is an inconvenient forum, a court shall consider
whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(2) The length of time the child has resided outside this State;
(3) The distance between the court in this State and the court in the state that would assume jurisdiction;
(4) The relative financial circumstances of the parties;
(5) Any agreement of the parties as to which state should assume jurisdiction;
(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
(8) The familiarity of the court of each state with the facts and issues in the pending litigation.
Id. § 50A-207(b). Mr. Backman argues that in considering the factors outlined in section 50A-207(b), the trial court erred in finding Florida the more convenient forum. We disagree.
The trial court considered all of the factors listed in section 50A-207(b), as it found that: (1) a domestic violence order was entered in Florida, but no further incidents of domestic violence had been alleged; (2) the minor children left North Carolina on 23 August 2005 and established residency in Montana; (3) there is a great distance between Florida and Montana; (4) the trial court lacked evidence about the parties' financial circumstances; (5) there was no agreement as to jurisdiction; (6) the mental health experts are residents of Florida and much of the evidence is from hearings and procedures in Florida; (7) Florida is in the best position to interpret its own orders and judge Mr. Backman's compliance, as the crux of Ms. Glenn's argument is that Mr. Backman failed to comply with the Florida court order; and (8) much of the evidence in the North Carolina court file is from hearings and procedures held in Florida, and either the Florida court or North Carolina court will likely require updated psychological information before a permanent custody determination can be made.
Because the trial court considered all of the required factors, we cannot conclude that it abused its discretion by concluding that North Carolina is an inconvenient forum and Florida is the more appropriate forum. Accordingly, we affirm.[3]
Affirmed.
Judges McGEE and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 50A-207 (2005).
[2] The North Carolina court concluded that it had "exclusive, continuing jurisdiction over the parties and subject matter pursuant to NCGS § 50A-202(a) in that the present modification proceeding was commenced prior to the Plaintiff and minor children relocating out of the State." See N.C. Gen. Stat. § 50A-202(a) cmt. (stating that "unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases." (emphasis added)).
[3] We note that Ms. Glenn cross-assigns error to the trial court's transfer of the case to Florida, rather than to Montana. However, because we find that the trial court did not abuse its discretion by concluding that North Carolina is an inconvenient forum and Florida is the more appropriate forum, we will not address her argument.