THOMAS R. VELASQUEZ, PLAINTIFF v. ROCHELLE D. RALLS, DEFENDANT

No. COA08-102

(Filed 2 September 2008)

**Child Support, Custody, and Visitation— inconvenient forum— abuse of discretion standard**

The trial court did not abuse its discretion by denying defendant mother's motion under N.C.G.S. § 50A-207 alleging that North Carolina was an inconvenient forum for any future child custody matters even though defendant contends the trial court failed to consider the factors listed in N.C.G.S. § 50A-207 because: (1) the trial court's findings showed it considered relevant evidence submitted in support of or in opposition to defendant's motion to transfer; (2) the consent order, to which the parties both agreed, specifically provided that the parties shall attend mediation in North Carolina to review this custody order when the children reach two years of age, and further indicated that North Carolina was the home state of the children with the trial court retaining jurisdiction over the children; (3) a court is not required to make findings of fact on all the evidence presented, but need only make brief, pertinent and definite findings and conclusions about the matters in issue; and (4) the factors listed in the statute are necessary when the current forum is inconvenient, and not when the forum is convenient.

Judge STEPHENS dissenting.

Appeal by defendant from order entered 21 September 2007 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 12 June 2008.

*No brief for plaintiff-appellee.*

*Horack, Talley, Pharr & Lowndes, PA, by Elizabeth J. James and Kary C. Watson, for defendant-appellant.*

BRYANT, Judge.

Rochelle D. Ralls (defendant) appeals from an order entered 21 September 2007 denying her motion to transfer jurisdiction because of inconvenient forum.

## Facts

Defendant and Thomas Velasquez (plaintiff) were born and raised in California. In July of 2004, defendant and plaintiff moved to North Carolina and lived together for a little over one year. On 25 July 2005, two children were born to the parties. Defendant and the children resided with plaintiff for approximately four months until defendant returned to California on 15 November 2005. On 28 November 2005, defendant filed a child custody action in the Superior Court of San Luis Obispo County, California. In response, plaintiff filed a complaint in Mecklenburg County, North Carolina seeking custody of the children and requesting a Temporary Parenting Agreement. After speaking with Judge Rebecca T. Tin of the Mecklenburg County District Court, the court in California determined North Carolina was the home state of the children and any custody matters should be resolved in North Carolina. In March of 2006, the parties entered into a Consent Order, awarding the parties joint legal custody of the children and defendant primary physical custody. Pursuant to the order, plaintiff was granted visitation with the children, but was prevented from taking the children out of the State of California. The Consent Order also provided that when the children reached two years of age, the parties were to attend mediation in North Carolina to review the custody arrangement.

On 17 July 2007, defendant filed a motion pursuant to N.C. Gen. Stat. § 50A-207 alleging that North Carolina was an inconvenient forum for any future child custody matters. Defendant filed affidavits from her mother, the children's childcare providers, and the children's healthcare providers in support of her motion. On 21 September 2007, the trial court denied defendant's motion to transfer jurisdiction. Defendant appeals.

On appeal, defendant raises one issue: whether the trial court abused its discretion by failing to consider the factors listed in N.C. Gen. Stat. § 50A-207.

The standard of review for a child custody proceeding is abuse of discretion. *See Martin v. Martin*, 167 N.C. App. 365, 367, 605 S.E.2d 203, 204 (2004). We review the trial court's findings of fact to determine whether there is any evidence to support them. *Owenby v. Young*, 357 N.C. 142, 147, 579 S.E.2d 264, 268 (2003). We reverse for an abuse of discretion only upon a showing that the trial court's actions are manifestly unsupported by reason. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). If the findings are supported

by the evidence, they are conclusive on appeal even though the evidence might sustain findings to the contrary. *Owenby*, 357 N.C. at 147, 579 S.E.2d at 268.

When a custody proceeding involves an interstate custody dispute, subject matter jurisdiction is generally governed by the Uniform Child Custody Jurisdiction Act, which has been codified in North Carolina under Chapter 50A of the North Carolina General Statutes. *In re M.E.*, 181 N.C. App. 322, 324, 638 S.E.2d 513, 514 (2007). Pursuant to N.C. Gen. Stat. § 50A-207, when a court has jurisdiction over a child custody determination, the court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum." N.C.G.S. § 50A-207 (a) (2007). The statute further provides:

Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider *all relevant factors*, including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this State;

(3) The distance between the court in this State and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

N.C. Gen. Stat. § 50A-207 (b) (emphasis supplied).

Defendant contends the trial court failed to consider all relevant factors when it denied her motion to transfer jurisdiction. Defendant contends that § 50A-207(b) requires the trial court to make findings regarding each relevant factor, and the trial court abused its discretion by not making findings regarding each relevant factor. We disagree.

In its order, the trial court made the following relevant findings:

4. The parties lived together in Charlotte, North Carolina from July 2004 through November 2005.

5. Defendant moved to California, with the parties children, on or about November 2005. Plaintiff was unaware that Defendant moved to California . . . .

. . .

8. On January 17, 2006, a court in San Luis Obispo County, California, after speaking with Judge Rebecca T. Tin, determined that North Carolina was the home state of the children and any custody matters should be heard here.

9. On March 23, 2006, a Consent Order for Child Custody and Child Support was entered herein that awarded Defendant primary custody of the children and which allowed her to remain in California with the children.

10. The court is denying Defendant's Motion at this time as Plaintiff remains in North Carolina and the children are only two years old.

11. Defendant left the State of North Carolina with the children and it would be unfair to now transfer jurisdiction to California.

12. As the children get older and begin school and more evidence regarding them will be in California, the Court can foresee a time when it will be appropriate to transfer jurisdiction to California.

The trial court's findings show the trial court considered relevant evidence submitted in support of or opposition to defendant's motion to transfer. However, the trial court, in its discretion, declined to transfer jurisdiction to California. Evidence supporting the trial court's findings—and its ultimate conclusion—include the consent order entered 23 March 2006 where the trial court initially assumed jurisdiction over the children pursuant to Chapters 50 and 50A of the North Carolina General Statutes. The consent order, to which the par-

ties both agreed, specifically provided "the parties shall attend mediation in North Carolina to review this custody order" when the children reached two years of age. Additionally, the consent order specifically indicated that North Carolina is the "home" state of the children and that the trial court retained jurisdiction over the children.

The findings outlined above show the trial court considered relevant factors in determining whether jurisdiction should be transferred to California. Additionally, we note that a "court is not required to make findings of fact on all the evidence presented," but need only "make brief, pertinent and definite findings and conclusions about the matters in issue[.]" *In re J.A.A.*, 175 N.C. App. 66, 75, 623 S.E.2d 45, 51 (2005) (citation omitted). The factors listed in N.C.G.S. § 50A-207(b) are necessary when the current forum is inconvenient, not when the forum is convenient. *Compare In re M.E.*, 181 N.C. App. 322, 638 S.E.2d 513 (2007) (determining forum was inconvenient), *with Wilson v. Wilson*, 121 N.C. App. 292, 465 S.E.2d 44 (1996) (determining continued jurisdiction was convenient). Nevertheless, the trial court's findings are sufficient. The trial court did not abuse its discretion in denying defendant's motion. Therefore, defendant's assignment of error is overruled.

AFFIRMED.

Judge McCULLOUGH concurs.

Judge STEPHENS dissents in a separate opinion.

STEPHENS, Judge, dissenting.

Because I conclude that the trial court did not make the necessary findings of fact on all relevant factors listed in N.C. Gen. Stat. § 50A-207, I respectfully dissent.

Pursuant to N.C. Gen. Stat. § 50A-207, a court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum." N.C. Gen. Stat. § 50A-207(a) (2005). The statute further provides:

(b) Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose,

the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this State;

(3) The distance between the court in this State and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.*

First, I disagree with the majority that "[t]he factors listed in N.C.G.S. § 50A-207(b) are necessary when the current forum is inconvenient, not when the forum is convenient." It is only *after* considering the relevant factors listed in N.C. Gen. Stat. § 50A-207(b) that a trial court is able to determine whether the current forum is inconvenient or convenient. Thus, the factors listed apply to all proceedings under N.C. Gen. Stat. § 50A-207, regardless of their outcome. The majority's interpretation puts the cart before the horse.

Furthermore, while the majority correctly states that a trial "court is not required to make findings of fact on all the evidence presented," *In re J.A.A.*, 175 N.C. App. 66, 75, 623 S.E.2d 45, 51 (2005) (citation omitted), a trial court must make findings of fact on all material issues raised by the evidence. *See, e.g., Rosenthal's Bootery, Inc. v. Shavitz*, 48 N.C. App. 170, 174-75, 268 S.E.2d 250, 252 (1980) (remanding to the Superior Court for the judge to "find the facts specially from the record evidence as to all the material issues

raised by the evidence"). When determining whether "[a] court of this State . . . is an inconvenient forum under the circumstances," N.C. Gen. Stat. § 50A-207(a), the statute mandates that the trial court consider, at a minimum, the factors enumerated in the statute. Accordingly, by virtue of the plain language of the statute, the enumerated factors are material to the trial court's determination, and the trial court must make findings of fact on all factors about which evidence was submitted. *See Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) ("When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute[.]").

In this case, the trial court made findings of fact concerning the length of time the children had resided outside of North Carolina, *see* N.C. Gen. Stat. § 50A-207(b)(2), and the parties' agreement to jurisdiction in North Carolina contained in the 23 March 2006 Consent Order. *See* N.C. Gen. Stat. § 50A-207(b)(5). Additionally, the trial court found that Plaintiff was a citizen of North Carolina and Defendant was a citizen of California, implicitly acknowledging the distance between North Carolina and California. *See* N.C. Gen. Stat. § 50A-207(b)(3). However, even though Defendant submitted evidence regarding her financial circumstances, the trial court did not consider the relative financial circumstances of the parties. *See* N.C. Gen. Stat. § 50A-207(b)(4). Furthermore, although Defendant submitted affidavits from her mother, the children's babysitter, the children's daycare provider, and the children's pediatrician, the trial court failed to consider "[t]he nature and location of the evidence required to resolve the pending litigation[,]" N.C. Gen. Stat. § 50A-207(b)(6), or the ability of the courts in North Carolina and California "to decide the issue expeditiously and the procedures necessary to present the evidence[.]" N.C. Gen. Stat. § 50A-207(b)(7). Thus, although the trial court made findings regarding some relevant factors, I disagree with the majority that "the trial court's findings are sufficient." Because the trial court did not "consider all relevant factors," N.C. Gen. Stat. § 50A-207(b), I am unable to discern whether the trial court's decision to deny Defendant's motion to transfer jurisdiction was an abuse of discretion. *See Martin v. Martin*, 167 N.C. App. 365, 604 S.E.2d 203 (2004) (stating that the standard of review for a child custody proceeding is abuse of discretion). Accordingly, I would remand to the trial court for additional findings of fact as warranted by the evidence, and for an order consistent with such findings.