CALABRIA, Judge.
Mark Miller ("defendant") appeals from a judgment granting joint legal custody of the parties' minor children to defendant and Carolyn Miller ("plaintiff") and primary physical custody to plaintiff. We hold that the trial court did not err in concluding that it was in the best interests of the minor children for plaintiff to have primary physical custody and for defendant to have secondary physical custody.
Plaintiff and defendant were married on 2 April 2005 in Nash County, North Carolina. During the marriage, the parties had two children: Theodore J. Miller, born 14 July 2006; and Leonardo M. Miller, born 5 November 2007. While residing in California, the parties separated on 7 November 2008. A California temporary custody order granting the parties joint legal custody of the children was registered in Nash County, North Carolina ("Nash County Order"). Because plaintiff was granted temporary physical custody in the action filed in California, she was permitted to remove the children from California to comply with her military orders to relocate to Texas and North Carolina. Defendant and his parents were granted reasonable visitation.
While plaintiff was stationed in Texas, reasonable visitation included at least one week during early October 2009, for which defendant or his parents would arrange transportation. The Nash County Order anticipated the arrangement of a new visitation schedule once plaintiff relocated to North Carolina, including a minimum of at least one weekend per month at the home of defendant's parents, with plaintiff and the paternal grandparents sharing responsibilities for transportation. Finally, the Nash County Order provided that the parties should attempt to work out a new agreement at such time as defendant completed his medical treatment program.
On 1 July 2010, plaintiff filed a complaint in Onslow County for divorce, equitable distribution, and primary physical custody of the minor children. The parties reached a consent agreement related to visitation. On 25 January 2011, the parties were divorced and the issue of equitable distribution was reserved. At that time, there was a separate action for child custody and visitation in Nash County. The Onslow County District Court incorporated and consolidated the Nash County case with the Onslow County divorce judgment.
Defendant filed an answer to plaintiff's complaint, alleging that plaintiff was not a fit and proper person to have primary physical custody of the minor children, and requesting that plaintiff's complaint be dismissed. Defendant also filed a counterclaim requesting primary custody of the minor children. After the parties' divorce, plaintiff resided with both minor children in Jacksonville, North Carolina. Subsequently, plaintiff married Andrew Morris, and the couple decided to relocate to Champaign, Illinois so that Mr. Morris could take advantage of education benefits to which he was entitled based on his Illinois residency and military service. Mr. Morris planned to use these benefits in addition to his GI Bill benefits.
Defendant filed a Motion in the Cause seeking to prohibit plaintiff from moving to Illinois with the minor children. Following a hearing in Onslow County District Court, the court entered a judgment on 10 January 2014 granting the parties joint legal custody of the minor children. In addition, plaintiff was granted primary physical custody, while defendant was granted secondary custody to include reasonable and liberal visitation. Defendant's visitation schedule included, inter alia,spring, summer, fall, and winter breaks, telephone contact during the week, and Skype/FaceTime access on weekends. Defendant appeals.
The standard of review for child custody orders is abuse of discretion. Martin v. Martin,167 N.C.App. 365, 367, 605 S.E.2d 203, 204 (2004). This Court first determines whether a trial court's findings of fact are supported by substantial evidence, and then determines if the trial court's factual findings support its conclusions of law. Shipman v. Shipman,357 N.C. 471, 474-75, 586 S.E.2d 250, 253-54 (2003). "The decision of the trial judge regarding custody will not be upset on appeal absent a clear showing of abuse of discretion, provided that the decision is based on proper findings of fact supported by competent evidence." Woncik v. Woncik,82 N.C.App. 244, 247, 346 S.E.2d 277, 279 (1986) (citing Comer v. Comer,61 N.C.App. 324, 300 S.E.2d 457 (1983) ). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." Yurek v. Shaffer,198 N.C.App. 67, 79, 678 S.E.2d 738, 746 (2009) (citations omitted).
Defendant's primary argument is that the trial court erred in finding and concluding it was in the best interests of the minor children for plaintiff to have primary physical custody and for the defendant to have secondary physical custody. In contesting the trial court's custody award, defendant challenges a number of the trial court's findings of fact and implies that they are not supported by competent evidence. We disagree.
Defendant contends that the trial court should have shown more concern about several issues relating to Mr. Morris and that it erred in making the following findings of fact:
9. That the conduct of Andrew Morris as relates to his care of the minor children on the night of his [drunk driving] accident in September 2011 was grossly inappropriate but it is not the issue today. He has complied with the legal and medical consequences of his actions and has taken reasonable steps to prevent re-occurrence.
...
11. That the [May 2013] execution of a power of attorney by the plaintiff in favor of [Mr. Morris], is of no specific concern of the court.
The North Carolina Rules of Appellate Procedure provide that issues presented but not argued in a party's brief are deemed abandoned. N.C.R.App. P. 28(b)(6) (2014); see also Wilson v. Burch Farms, Inc.,176 N.C.App. 629, 637-38, 627 S.E.2d 249, 256-57 (2006) (finding that "the body of defendant's final argument fails to contain citations of the authorities upon which the [defendant] relies" and deeming the argument abandoned). This Court has consistently held that, as to challenges to the trial court's findings of fact, the appellant must specifically allege that the contested finding was unsupported by the evidence. See Cox v. Cox,--- N.C.App. ----, ----, 768 S.E.2d 308, 313 (2014) ("[D]efendant does not specifically support her challenge with any contention, and we deem those arguments abandoned."); Peters v. Pennington,210 N.C.App. 1, 16, 707 S.E.2d 724, 735 (2011) ("A party abandons a factual assignment of error when she fails to argue specifically in her brief that the contested finding of fact was unsupported by the evidence.").
Despite defendant's protestations, his brief fails to cite any legal authority to support his contentions. Nor does defendant specifically argue that the court's findings were unsupported by the evidence. Instead, his arguments do little more than recite evidence that was presented to the trial court and insist that the court should have made findings more favorable to his position. Accordingly, we deem these issues abandoned.
Defendant also claims that plaintiff has failed to care for the minor children and has no plans to provide for their continued care in Illinois. However, he fails to cite any legal authority or specifically contend that the trial court's findings are unsupported by the weight of the evidence. In this section of his brief, defendant simply recites evidence that he believes the trial court should have found compelling. Defendant argues, in essence, that the trial court should have reached a different conclusion because he disagrees with the one it actually made. Consequently, defendant's arguments on this issue are insufficient to challenge the trial court's findings of fact on appeal.
Defendant next challenges the trial court's finding that he has shown no growth in his ability to independently raise the minor children. The Onslow County Order dated 31 January 2012 recognized defendant's functional difficulties, and reserved the issue of permanent custody pending a reevaluation of defendant's independent life skills following treatment. In assessing defendant's ability to be self-sufficient and care for the minor children, the trial court found that, as of January 2012, he had neither "displayed any 'independent life skills' nor ... kept the minor children overnight by himself." The court went on to conclude "[t]hat while ... defendant has shown no growth in his ability to independently raise the minor children, ... plaintiff has been raising the children and has plans to appropriately provide for the continued care of their health, education, and welfare in Illinois."
Our review of the record reveals that defendant is 100% disabled as a result of his military service with the U.S. Army and National Guard. He has been diagnosed with post-traumatic stress disorder ("PTSD"), depression, alcohol dependence, and impulse control issues, and is currently unemployed.
In addition, when the trial court entered the permanent custody judgment in this case, defendant was still living in his parents' home in Rocky Mount, North Carolina. Despite receiving $3,000 per month in disability payments from the military and $1,000 per month from Social Security, he did not pay his parents rent or help them to pay the mortgage, water, or utility bills. Defendant suggests that his legal fees prevent him from supporting himself outside of his parents' care, but he has neither sought additional employment to offset that cost nor returned to school to increase his earning potential. Instead, he volunteers his time for approximately 10 days a month.
In short, defendant asks for primary custody of the minor children, but he failed to show the trial court that he has the ability to support himself and two young boys. Accordingly, the trial court's finding that defendant showed no growth was supported by substantial evidence and is binding on appeal.
Finally, defendant makes a series of conclusory statements to support his argument that the relative disadvantages of relocating the children outweigh any advantages of relocating them. In making this argument, defendant generally disagrees with the trial court's findings and insists that no evidence presented at the hearing demonstrated that the proposed relocation "would improve the life of the boys in any manner whatsoever."
In evaluating whether a proposed location is detrimental to the child, the court may consider a number of factors, including:
[t]he advantages of the relocation in terms of its capacity to improve the life of the child; the motives of the custodial parent in seeking the move; the likelihood that the custodial parent will comply with visitation orders when he or she is no longer subject to the jurisdiction of the courts of North Carolina; the integrity of the noncustodial parent in resisting the relocation; and the likelihood that a realistic visitation schedule can be arranged which will preserve and foster the parental relationship with the noncustodial parent.
Evans v. Evans,138 N.C.App. 135, 142, 530 S.E.2d 576, 580 (2000) (quoting Ramirez-Barker v. Barker,107 N.C.App. 71, 80, 418 S.E.2d 675, 680 (1992), disapproved of on other grounds by Pulliam v. Smith,348 N.C. 616, 501 S.E.2d 898 (1998) ). However, "the court's primary concern is the furtherance of the welfare and best interests of the child and its placement in the home environment that will be most conducive to the full development of its physical, mental and moral faculties[,]" and "[a]ll other factors, ... will be deferred or subordinated to these considerations[.]" Griffith v. Griffith,240 N.C. 271, 275, 81 S.E.2d 918, 921 (1954). "Although most relocations will present both advantages and disadvantages for the child, when the disadvantages are outweighed by the advantages, as determined and weighed by the trial court, the trial court is well within its discretion to permit the relocation." Ramirez-Barker,107 N.C.App. at 80, 418 S.E.2d at 680.
In Ramirez-Barker,the mother sought to move the child to California in order to be closer to her relatives. Id.at 73, 418 S.E.2d at 676. The trial court determined that the move would not be particularly beneficial to the child, and that due to the personal problems of both parties the child needed the influence of both parents in her life. Id.at 76, 418 S.E.2d at 677-78. While acknowledging that a reasonable person might disagree with the trial court's findings, this Court determined that the trial court did not abuse its discretion in making those findings and affirmed. Id.at 79-80, 418 S.E.2d 680.
In the instant case, the trial court found that defendant "opposes the relocation of the minor children" because "[h]e has reasonable concerns over the increased distance and reduced opportunities to exercise visitation and the resulting impact on his parental relationship with his sons." Defendant suggests that plaintiff has attempted to minimize the boys' relationship with their father in the past. This assertion is supported only by a citation to the Onslow County visitation order entered 31 January 2012, in which the court noted that it had "concerns ... that [plaintiff would] not properly facilitate and foster a relationship between ... [d]efendant and the minor children." At the July 2013 custody hearing, however, the trial court found no evidence that plaintiff failed to comply with any specified terms contained in the January 2012 visitation order.
Moreover, unlike the mother in Ramirez-Barker,plaintiff's motives for relocation in this case involve more than a desire to be near extended family. Moving to Illinois will allow Mr. Morris, the children's step-father, to obtain a higher education. His Illinois residency provides him with the unique opportunity to utilize a state grant for education in addition to his GI Bill benefits, which he would not be able to do if the parties remained in North Carolina. These two resources will provide funding for both an undergraduate and graduate degree for Mr. Morris, effectively saving the family a minimum of $150,000 in educational expenses and debt. With this education also comes a higher earning potential, and any increase in income directly benefits the children.
Although the relocation would allow plaintiff to stay home and spend more time with the children, defendant fears that plaintiff will not facilitate his relationship with his two sons. While such a relocation has the inevitable consequence of physically placing the children farther from their biological father, plaintiff's desire to relocate does not appear to be motivated by an attempt to interfere with the father-son relationships. Plaintiff notified defendant of her intent to move and sought his input when selecting a school for the children, to which he chose not to respond. In an effort to maintain reasonable visitation, plaintiff selected a school for the boys with a "balanced calendar," or year-round classes, so that the children could see their father for extended periods of time on a more frequent basis. As a result, plaintiff's efforts in this regard are an indication that she is willing to arrange a realistic visitation schedule with defendant. For these reasons, the trial court's findings and conclusions on this issue are supported by competent evidence.
Nevertheless, defendant insists that he "would have been a proper primary custodian of the children even if the question of out of state relocation had not been raised at the permanent custody hearing." Once again, defendant does little more than recite testimony that was presented at the hearing. The trial court determined and weighed the advantages and disadvantages of the proposed relocation. Once the court did so, it was defendant's responsibility on appeal to put forth proper legal and factual arguments as to why the judgment granting plaintiff primary physical custody should be overturned. He has not met his obligation in this regard. We therefore conclude that defendant's arguments are without merit.
In conclusion, we believe defendant's motives in challenging this relocation are genuine and sincere. However, the trial court's findings are supported by competent evidence, and those findings support its conclusions of law. We agree with the trial court's conclusion that plaintiff's decision to relocate the children was reasonable and foreseeable. Accordingly, based on the evidence presented, the trial court did not abuse its discretion by determining that it was in the best interests of the minor children to grant the parties joint legal custody, plaintiff primary physical custody, and defendant secondary physical custody.
AFFIRMED.
Chief Judge McGEE and Judge McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Onslow County, No. 10 CVD 2553.
Appeal by defendant from judgment entered 10 January 2014 by Judge Sarah C. Seaton in Onslow County District Court. Heard in the Court of Appeals 5 January 2015.