IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-493

Filed: 4 August 2020

Moore County, No. 12 CVD 1053

ALEX HARTER, Plaintiff,

v.

HAYLEY EGGLESTON, Defendant.

Appeal by plaintiff from order entered 8 February 2019 by Judge Don W. Creed, Jr., in Moore County District Court. Heard in the Court of Appeals 7 January 2020.

*Guirguis Law, P.A., by Larry C. Economos, for plaintiff-appellant.*

*Foyles Law Firm, PLLC, by Jody Stuart Foyles, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff-Father Alex Harter appeals from an order granting Defendant-Mother Hayley Eggleston's "Motion to Remove to the State of Ohio as North Carolina is an Inconvenient Forum." After careful review, we affirm the trial court's order.

## Background

Father and Mother are the parents of one child, born in 2010. The parties never married, but lived together from December 2009 until they separated in September 2012. Since their separation, the parties have engaged in extensive litigation regarding the custody of their minor child.

From June 2011 until the parties' separation, Mother, Father, and their minor child lived in North Carolina. On 21 August 2012, Father filed a complaint in Moore County District Court, seeking custody of the minor child and child support. On 4 September 2012, Mother filed her answer and counterclaim for custody and child support. On 31 January 2013, the trial court entered the parties' consent order, pursuant to which the parties shared joint legal and physical custody of the minor child.

After Mother moved to Ohio in 2013, both parties filed motions to modify the custody order in the Moore County action. On 20 December 2013, the parties executed another consent order for child custody, which, in relevant part, continued the parties' joint legal and physical custody of the minor child, established that Mother had moved to Ohio, and designated North Carolina as the minor child's home state for jurisdictional purposes.

In 2015, both parties again moved to modify custody in the Moore County action. Following a two-day hearing, the trial court entered an order awarding Mother primary physical custody, and Father secondary physical custody, of the minor child.

On 12 July 2018, Father filed a verified motion to modify the 2015 custody order in the Moore County action, seeking primary physical custody of the parties' minor child, and emergency *ex parte*/temporary custody of the minor child. Father

attached to his motion and incorporated by reference (i) the affidavit of Stephen Bowser, Mother's ex-husband and the father of her two other minor children (the "Bowser Affidavit"); and (ii) a copy of the emergency *ex parte* motion for temporary and permanent custody that Bowser filed in Ohio on 26 April 2018. Father alleged, in sum, that Mother was struggling with substance abuse; was "engaging in sexual relations in exchange for financial assistance"; had changed their child's school three times during the 2017-2018 academic year; and was dating and living with a man who had "a history of illegal drug use and criminal behavior." Father further alleged that Bowser had already obtained emergency custody of his two children with Mother. Father requested that the trial court accept his "verified complaint as an affidavit for all purposes of this action[.]"

That same day, the Honorable Don W. Creed, Jr., entered an order awarding Father *ex parte* temporary sole custody of the minor child. On 23 August 2018, Judge Creed entered a consent order keeping the 12 July 2018 *ex parte*/temporary custody order in full force and effect, with modifications permitting Mother to visit the minor child.

On 20 September 2018, Judge Creed entered a temporary consent order awarding the parties joint legal custody of the minor child, with Father having primary physical custody, and Mother having secondary physical custody, pending a full hearing in the matter.

Before Father's motion to modify the 2015 order came on for hearing, on 5 November 2018, Mother filed her verified "Motion to Remove" the case to the State of Ohio on the grounds that North Carolina was an inconvenient forum. As did Father, Mother requested that the trial court accept her verified pleading as an affidavit upon which to base all orders in this matter. Judge Creed heard Mother's motion on 4 December 2018. Neither party was present or offered additional evidence or testimony beyond their verified pleadings and the Bowser Affidavit, but both were represented by their attorneys.

On 8 February 2019, Judge Creed entered an order granting Mother's "Motion to Remove," concluding that North Carolina was an inconvenient forum and that Ohio would be a more convenient forum (the "Order"). Accordingly, the trial court declined to exercise jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") and stayed proceedings in North Carolina. The trial court based its order on the verified pleadings and arguments of counsel.

Father timely filed written notice of appeal.

### *Appellate Jurisdiction*

The Order determining that North Carolina was an inconvenient forum and Ohio was a more appropriate forum is, for purposes of appellate jurisdiction, a final order. *In re C.M.B.,* __ N.C. App. __, __, 836 S.E.2d 746, 753 (2019). Thus, this Court has jurisdiction to consider Father's appeal.

### *Standard of Review*

"We review a trial court's decision to decline to exercise jurisdiction in favor of another forum for an abuse of discretion." *In re M.M.*, 230 N.C. App. 225, 228, 750 S.E.2d 50, 52-53 (2013); *see also Kelly v. Kelly*, 77 N.C. App. 632, 635, 335 S.E.2d 780, 783 (1985) ("Deferring jurisdiction on inconvenient forum grounds rests in the sound discretion of the trial judge.").

Where the trial court "determines that the current forum is inconvenient, [it] must make sufficient findings of fact to demonstrate that it properly considered the relevant factors listed in N.C. Gen. Stat. § 50A-207(b)." *In re M.M.*, 230 N.C. App. at 228-29, 750 S.E.2d at 53 (citation omitted). "We review the trial court's findings of fact to determine whether there is any evidence to support them." *Velasquez v. Ralls,* 192 N.C. App. 505, 506, 665 S.E.2d 825, 826 (2008) (citation omitted).

### *Discussion*

On appeal, Father argues that the trial court erred by making a number of findings of fact that were not based on competent evidence in support of its determination that North Carolina was an inconvenient forum to litigate the parties' custody dispute. Specifically, Father challenges findings of fact 7, 12, 15, 16, 20, and 21 as unsupported by competent evidence.

The UCCJEA "aims to prevent parents from forum shopping their child-custody disputes and assure that these disputes are litigated in the state with which

the child and the child's family have the closest connection." *Hamdan v. Freitekh*, No. COA19-929, __ N.C. App. __, __, __ S.E.2d __, __, slip op. at 7 (filed May 19, 2020) (citation and internal quotation marks omitted), *petition for disc. review filed*, No. 257P20, __ N.C. __, __ S.E.2d __ (filed June 3, 2020). Thus, a North Carolina court that has jurisdiction under the UCCJEA to make a child-custody determination may nonetheless "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum." N.C. Gen. Stat. § 50A-207(a) (2019). Before determining whether North Carolina is an inconvenient forum, the court must "consider whether it is appropriate for a court of another state to exercise jurisdiction." *Id.* § 50A-207(b).

In making such a determination, the court shall allow the parties to submit information and shall consider all relevant factors, including but not limited to:

> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this state;
>
> (3) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;
>
> (5) Any agreement of the parties as to which state should assume jurisdiction;
>
> (6) The nature and location of the evidence required to

resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.*

In accordance with our standard of review, we consider whether the challenged findings of fact are supported by competent evidence.

Here, the parties submitted information to the trial court, in the form of their verified motions and the Bowser Affidavit, and the trial court made the requisite findings of fact "regarding the factors listed in North Carolina General Statute § 50A-207 for purposes of determining that North Carolina is an inconvenient forum[.]" *In re C.M.B.,* __ N.C. App. at __, 836 S.E.2d at 753.

Father maintains, however, without citation to any legal authority, that findings of fact 7, 12, 15, 16, 20, and 21 are unsupported by competent evidence because they "are based on inadmissible hearsay evidence of an affidavit that was not properly introduced into evidence, arguments of [Mother's] counsel without the introduction of any evidence, and otherwise . . . devoid of any competent evidence whatsoever." This argument lacks merit.

Both parties' motions were verified, and supplied information concerning the various factors pertinent to the trial court's determination.[1] In addition, Father's motion to modify incorporated by reference the Bowser Affidavit. Affidavits and verified motions constitute competent evidence in the determination of an inconvenient forum under the UCCJEA. *See id.* at __, 836 S.E.2d at 754 (concluding that the trial court had no evidence upon which to base its findings of fact supporting its determination under the UCCJEA that North Carolina was an inconvenient forum, where the parties' "motions . . . were unverified, and neither party presented any affidavits or other documentary evidence[,]" and the trial court relied solely on the arguments of counsel).

Father further asserts that the trial court erroneously based two findings solely on the arguments of counsel:

> 15. Based on the arguments of [Father's] counsel it appears [Father] is financially able to handle the distance and expense of going to Lake County, Ohio more so than [Mother] will be able to handle the distance and expenses of traveling to Moore County, North Carolina. The affidavit of Steven Bowser does indicate [Mother] is having financial difficulties.
>
> 16. Based on the arguments of Counsel for [Mother], [Mother] has primarily been a stay at home mom until her recent divorce. Counsel for [Mother] did corroborate the testimony of Steven Bowser regarding [Mother] not being in as good a position financially as [Father]. The financial burden on [Father] having to go to Ohio as opposed to

---

[1] We note that the parties specifically asked that their verified motions be taken as affidavits in this matter.

> [Mother] having to come here to North Carolina can be better handled by [Father].

It is long established that the "arguments of counsel are not evidence." *Crews v. Paysour*, 261 N.C. App. 557, 561, 821 S.E.2d 469, 472 (2018). In the instant case, however, it is evident upon close examination that findings 15 and 16 were based not only on the arguments of counsel, but also on the Bowser Affidavit and the parties' verified motions. Thus, these two findings were properly supported by competent evidence before the trial court.

In determining whether North Carolina is an inconvenient forum, the trial court must "consider all relevant factors[.]" N.C. Gen. Stat. § 50A-207(b). Here, the trial court considered the relevant factors, and made appropriate findings of fact on those relevant factors, based on the evidence that the parties chose to submit to the court. There was sufficient competent evidence to support the findings of fact, and the findings support the trial court's conclusions of law.

### Conclusion

Accordingly, we affirm the trial court's order granting Mother's motion requesting that the trial court decline to exercise jurisdiction over this custody case.

AFFIRMED.

Judges BRYANT and COLLINS concur.